IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY  J.  VAY )<br><br>                PLAINTIFF, )<br>     vs. )<br><br>ROBERT  HUSTON, Administrator, )<br>Laboratory Director of the Office of  the )<br>Medical Examiner of Allegheny County, in )<br>his individual capacity;  STEPHEN )<br>PILARSKI, former Administrator of the )<br>Office of  the Medical Examiner of )<br>Allegheny County and currently Deputy )<br>Manager  of Allegheny County, in his )<br>individual capacity, MICHAEL BAKER, )<br>former  Manager of Morgue Operations, in )<br>his individual capacity; and MICHAEL )<br>CHICHWAK, Manager of Investigations, in )<br>his individual capacity. )<br><br>                DEFENDANTS | `<br>Civil Action No._____<br><br><br><br><br><br><br><br><br><br><br><br>Jury Trial Demanded<br><br>Filed Electronically |

## COMPLAINT

### Introduction & Summary

"*.. the real social impact of workplace behavior  often depends upon the  constellation of surrounding circumstances, expectations, and  relationships which  are not fully captured by a single recitation of the words used or the physical acts performed*". Oncale v. Sundowner  Offshore Services, Inc. 523 U.S. 75 (1998).

Sometimes, we look to the  stories we tell of the  emotional  impact of the  events  and circumstances of life to convey the full, experienced   truth more powerfully. The plaintiff in this case had worked as an  undercover police officer in a famous unit in Baltimore which became  the basis for  a popular cable  television program.  Yet, despite surviving *that*  experience without any emotional  injury,  she was overcome with panic attacks when she learned  that she might have to return to work under the authority of  these Defendants (after being illegally suspended for over four weeks).  Similarly, another female investigator  would cry when she drove home from work.  She

Vay v. Robert Huston, *et al.*

was frightened  when she realized that a gentle peaceful soul could have  thoughts visualizing physical harm  befalling the misogynists. She left. These women are gone because one of the Defendant's accurately  predicted during an orientation in 2009  that  the "...*men would  act like pigs..*" and that the women would have to deal with it on their own. He failed to mention that the biggest problem was with the men who were in charge,  these Defendants.

## Jurisdiction

1.      The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (4) and  the Fourteenth Amendment of the Constitution of the United States,  and 42 U.S.C. § 1983**.**  Venue lies within this district pursuant to 28 U.S.C § 1391.

## Parties

2.      Plaintiff  Kelly J. Vay  is an individual residing in Allegheny County, Pennsylvania and is  employed as a forensic investigator in the Office of the Medical Examiner of Allegheny Count, Pennsylvania..

3.      Defendant Robert Huston  is an  individual employed as the Administrator, Laboratory Director in the Office of the Medical Examiner of Allegheny County whose  office  is at 1520  Penn Avenue, Pittsburgh, Pa 15219.

4.      Defendant Michael Baker is an individual formerly employed as the Manager of Morgue  Operations at the  Office of the Medical Examiner of Allegheny County, currently employed in Indiana County.

5.      Defendant Stephen  Pilarski is an individual  currently employed by Defendant Allegheny County as Deputy County Manager who previously served as the chief  Administrator of  the  Office of the Medical Examiner of Allegheny County; Defendant Pilarski currently has offices at the Allegheny  County Courthouse, 436 Grant Street, Pittsburgh, Pa. 15219.

6.      Defendant Michael Chichwak  is an individual employed as  the Manager of Investigations in  the Office of the Medical Examiner of Allegheny County with offices at 1520

Penn Avenue, Pittsburgh, Pa 15222.

## Factual Background

7.     The Defendants engaged in the conduct described herein while acting under color of law.

8.     Allegheny County hired Plaintiff Kelly Vay as a forensic investigator in the Office of the Medical Examiner on or about March 15, 2009.

9.      Plaintiff Kelly Vay has extensive experience in law enforcement prior to returning to Allegheny County to raise her daughter.

10.     A supervisor wrote in an email in March of 2012 just after Defendants Huston, Pilarski and Chichwak suspended Plaintiff Vay that that Plaintiff Vay was one of the finest and most thorough forensic investigators working for Allegheny County.

11.     The supervisor also wrote in the email that Vay is a true asset to the office, and her professionalism and work ethic speak for themselves.

12.     In the email, the supervisor wrote that he was appalled at the continuous actions taken against Plaintiff Vay by the Defendants when numerous documented emails he sent concerning investigators as well as supervisors who continually fail to perform job functions result in little or no discipline.

13.     The supervisor sent the email to Defendants Pilarski, Huston, Chichwak and to the Medical Examiner on March 14, 2012.

14.     Plaintiff Kelly Vay has repeatedly suffered discrimination in the terms and conditions of her employment because of gender, and has been subjected to a work environment

Vay v. Robert Huston, *et al.*

hostile to *and physically threatening or dangerous* to women, and has suffered retaliation for participating in investigations about and opposing gender-based discriminatory practices. Furthermore, others who associated with her or defended her have also suffered retaliation. Differences in treatment between men and women as to the terms and conditions of employment existed when Plaintiff Vay was hired in 2009 and continue through the present; blatent, often particularly crude, statements directly reflecting bias against women were common; statements were also made directly reflecting retaliatory intent against Vay. This gender discrimination, gender-based hostile work environment and the gender based retaliation is the result of the purposeful, personal involvement and affirmative conduct of Defendant Robert Huston, the current Administrator, Laboratory Director, Defendant Stephen Pilarski, the former administrator and currently the Deputy County Manager whose authority extends to the Office of the Medical Examiner as well as other Allegheny County departments, as well as Defendant Michael Baker, the former Manager of Morgue Operations, and Defendant Michael Chickwak, the Manager of Investigations.

15.    In addition to their purposeful, personal individual participation and affirmative conduct in the gender discrimination, gender-based hostile work environment and the gender-based retaliation, Defendants Huston, Pilarski, Baker and Chichwak also acquiesced in the unlawful gender based discriminatory and retaliatory conduct of others about whose illegal conduct they had actual knowledge, and over whom they had actual supervisory authority.

16.    Furthermore, Defendants Huston, Pilarski, Chichwak at various times since 2009, together with with Defendant Baker beginning in 2013 met, consulted and schemed, as more fully set forth at length herein, to deprive Plaintiff Kelly Vay and other female investigators and those who might support them of their rights to work in a non-discriminatory, non-retaliatory environment.

17.    To illustrate, shortly after Defendant Michael Baker was hired in 2013, he issued discipline to Plaintiff Vay even though he had no first-hand experience working with her in such

Vay v. Robert Huston, *et al.*

a short period of time; Defendant Baker could only have been carrying out the instructions of Defendant Robert Houston.

18.     Another illustration of the concerted activity by these Defendants manifested itself at the a disciplinary meeting orchestrated against Plaintiff Kelly Vay on December 2, 2013; Defendant Michael Baker alternatively exploded in rage trying, unsuccessfully, to provoke Plaintiff, and would then leave the meeting room to meet with Defendant Robert Huston, who was waiting in a separate room, before returning to the meeting . Plaintiff stated the obvious and asked, *"Why doesn't he [Defendant Robert Huston] just come into the meeting and say what he has to say?"*. But there was no answer and nor an appearance by Defendant Huston.

<u>Crude, Morally Repugnant Sexist Language Tolerated.</u>

19.     Plaintiff and other women requested a meeting as early as late 2010 with the Human Resources Department of Allegheny County to investigate their concerns about gender discrimination including sexist language but a meeting was never scheduled; they were subsequently told that Defendant Stephen Pilarski was handling it. They never heard from him.

20.     As an example of the crude, morally repugnant language to which women were subjected, beginning in approximately mid- 2011, the shift on which Plaintiff Kelly Vay worked was predominantly female and was referred to by male forensic investigators and others as the "*c_ _ t crew...*"

21.     Mr. Chichwak, the Manager of Investigations, responded to complaints of the aforementioned sexist language in or about by saying, *"Well, ... you are all females."*

22.     Chichwak , tried to minimize the offensiveness by claiming that the "*c_ _t crew*" language was " ... *all in good fun...*"

Vay v. Robert Huston, *et al.*

23.     Most significantly, "*C _ _ t   crew*" was a phrase commonly heard at the Office of the Medical Examiner.

24.     Robert Houston  made it clear that he would not tolerate any demonstration by women,  Plaintiff Kelly Vay in particular, that women have brains and can think, and work as well as men, exhibiting an  attitude of  decades ago  that women belong in the kitchen, barefoot and pregnant.  For example, in late 2010 or early 2011, he said of the Plaintiff Kelly Vay, "... ***such a pretty face coming at you, until she opens her mouth***". He later said, **"She's like Tony- with a ponytail"** - meaning, she  expresses  views as does the male employee but, Huston said, ***"It's easier coming from Tony***."

25.     At  a continuing education seminar in May 2011, Plaintiff Vay and another female investigator as well as  a male employee, decided to dress  in appropriate  business casual attire because  they were representing Allegheny County and its Office of Medical Examiner ;  a male investigator complained to management  that he not be  disciplined for his dress as compared to those "***two whores***".

26.     When Plaintiff Vay complained to  Defendant Robert Huston that such comments were inappropriate and offensive to women, Huston's response was to  ask  Vay "...***whether she thought they looked like whores?***  which caused Plaintiff  to leave his office in tears; Huston showed no interest in  reprimanding  the male employee.

27.     Vay was disciplined after complaining about  male Allegheny County detectives who were  disrespectful to women forensic investigators and who  made sexually suggestive remarks.

28.     Defendant  Michael Chickwak suspended another female investigator and Plaintiff Kelly Vay for five (5) days for stopping to use the restroom facilities of a retail establishment, a common practice among all forensic investigators of which Defendant Chichwak was well aware. An   obvious bias against women  was  demonstrated by Defendant Chichwak's (or Defendant

*Vay v. Robert Huston, et al.*

Pilarski's) comment , that "... *no way two girls go to Walmart without shopping*.

**Plaintiff Was Regularly  Monitored & Disciplined**
**<u>Despite Being One of the Best Forensic Investigators</u>.**

29.     Plaintiff Kelly Vay, although one  of the  best forensic investigators working for Allegheny County  has been subjected to at least ten (10) disciplinary actions since her employment began in 2009, including three 5-day suspensions and one 26 day suspension, all without pay. Plaintiff was disciplined in a discriminatory  manner as male investigators were not disciplined for the same alleged infractions, or there was no justification for the disciplne Vay received.  For the 26 day suspension issued on August 20, 2013,  Plaintiff Kelly Vay allegedly slammed a door causing a hole in a wall. The wall had already been damaged because the door had not been properly hung. On the other hand, a male employee,  freely admitted that he had punched a pencil through an improperly functioning GPS in a County van, all of which was known to Defendants Huston, Pilarski and Chichwak.

30.     Said male employee was a top forensic  investigator and in 2011 was first in "call volume" (669 calls) and Plaintiff Kelly Vay was second with 655.

31.     Said male employee also regularly told various of the Defendants when he was trying to complete his work  to "*get the f _ _ _  away from me,"* but was not disciplined whereas Plaintiff Vay would be disciplined for such alleged conduct, or any *de minimus* infraction.

<u>Women Investigators Resign Because of Gender Bias</u>

32.     As a result of the  gender discrimination and work environment hostile  to women at least   three (3) and possibly five (5) female forensic investigators have been constructively discharged ("resigned")  their employment since 2009 to escape these unlawful practices.

Vay v. Robert Huston, *et al.*

33.     A female forensic investigator who was initially charged with Plaintiff at the December 2, 2013 disciplinary hearing for allegedly failing to follow an order of a supervisor to begin work before the shift started  was so distressed and emotionally upset by the illegal  hostile work environment she had experienced, unlike anything in her previous professional experience in Michigan, that she was shocked by her own reaction to the environment in which she found herself when she began to imagine physical harm to those who were responsible for the working environment to which women were subjected.

34.     This female investigator's work environment turned particularlly hostile when she associated  with Plaintiff  Vay to oppose gender discrimination; she has resigned.

35.     A few examples of disparate treatment  concerning  enforcement of  certain policies and procedures because of gender are: performing liver temps, filing out photo id cards, taking proper scene photographs, proper scene documentation, refusal to bring in medications or particular items of evidence, relying on newer investigators to submit blood and fluids, use of personal digital devices, internet policy, follow ups, completion of  SOP assignments, quality of work, overtime policy.

36.     Female forensic investigators are also treated differently with respect to sick time and the conditions under which a doctor's excuse is required; for example, in December 2013, a female investigator was remanded for allegedly taking sick days immediately after her regular day off when a male investigator had clearly done the same thing in the same month.

37.     In approximately September 2011, a female investigate with an advanced degree in forensics "resigned" after leaving a meeting with Defendant Robert Houston in tears. She submitted her resignation that day, effective in two weeks,  because of the hostile work environment against women despite "... *loving my job*..." but doubting she could enjoy raising  her child when her workplace experience and that of  other women had been  altered.

Vay v. Robert Huston, *et al.*

38.    Since 2009, plaintiff and other women have been subjected to a hostile work environment consisting, in part, of regularly being called into the office by the aforementioned Defendants to be yelled at, reprimanded and humiliated for supposedly not doing their jobs properly, even though the managers do not have comparable forensic investigator credentials or have never done the job. On the other hand, a male employee, a union shop steward, who complained to them to stop trying to change the way things were done had been caught sleeping on the job, but was not disciplined.

<u>Culture of Retaliation and Physical Threats Against Women</u>

39.    In November 2010, a male investigator taunted and physically threatened another female investigator to ***"... bring it outside bitch..."*** while a male supervisor, who had just disparaged the female investigators unit to that employee, witnessed the incident and did nothing.

40.    The male employee then said in front of the supervisor, ***"I'll beat your ass just like a man."***

41.    Fearful of their physical safety, Plaintiff and the other female investigator were required to hide, and then called their supervisor for help.

42.    Defendant Stephen Pilarski was informed of the threats.

43.    Plaintiff and the other female investigator were instructed to go to the office of the first-line supervisor on duty.

44.    When they went to his office, the male supervisor slammed the door in their face.

45.    Defendant Stephen Polanski did not order a time-off -work- suspension to the male employee who had physically threatened the female investigator.

Vay v. Robert Huston, *et al.*

46.     Instead, Defendant Stephen Polanski  issued a "paper only" suspension (meaning there was no time off work -  no lost pay) to the male employee and to  the female investigator who had been threatened.

47.     Video was available to establish that the male employee made the threats but this evidence was  ignored.

48.     Plaintiff Kelly Vay opposed this gender-based discrimination against the female employee and told Defendant Stephen Polanski that the female should not be suspended in any sense while the male employee should actually be suspended.

49.      In or about March 2011, when  Vay voiced  opposition against   gender based difference in treatment to  Defendant Stephen Pilarski,  Pilarski erupted, got  in Vay's face,  pointed his finger at her so closely that he almost touched her, and threatened to hit her in the face.

50.     Defendant Pilarski then suspended Vay for five (5) days.

Culture of Retaliation Against Women
And Also Against  Men Who Support Them

51.     In addition, this orchestrated campaign of gender discrimination and retaliation against Plaintiff Kelly Vay  has had a retaliatory   "chilling effect" on similarly situated female employees  as well as male employee(s) of Allegheny County in the Office of the Medical Examiner who have associated with, or defended  Plaintiff Kelly Vay.

52.     For example, Defendant(s) retaliated against a male employee  who accompanied her to a disciplinary meeting on December 2, 2013;  the  employee was disciplined within a week  of assisting Plaintiff Kelly Vay for being late  93 times since January 2013; said male  employee had only been informed of possible disciplinary action when Defendants discovered that he would attend Vay's disciplinary hearing as her representative.

*Vay v. Robert Huston, et al.*

53.     Even more striking, Plaintiff Kelly Vay was absolved of any wrong-doing at the December 2, 2013 meeting but the meeting to discipline Vay proceeded  on December 2, 2014 despite an email from the supervisor who initially complained about Vay and another female investigator  informing  Defendant Baker (and Defendants Huston and Chichwak)  that after speaking with  Vay and  the  other  investigator  he concluded  that "... *this was a terrible misunderstanding between all parties.*"

54.     Within a week, the  supervisor was suspended for two (2) days.

55.     At the meeting on December 2, 2013, Defendant Baker was angry and appeared to be trying to provoke Plaintiff Kelly Vay to commit an infraction for which she could be disciplined, given that Defendants  Baker and Huston's attempt to discipline Vay was going nowhere.

56.     Defendant Baker almost lunged across the table at Vay.

57.     During the December 2, 2013 meeting, Baker would periodically leave to  meet with and report to Defendant Huston who was, seemingly, hiding out in another office.

58.      Defendant Baker scurrying back and forth between offices to meet with Defendant Houston was the most recent example of Defendants' Houston and Baker  consulting and planning how  to deprive Plaintiff Vay of her Constitutional rights.

"***That Chick Will Not Set Foot In this Building Again*.**"

59.     Plaintiff Kelly Vay remained on paid administrative leave after a hearing on December 2, 2013 despite a decision  in her  favor. Defendants Huston, Pilarski, Baker and Chichwak could no  longer purse discipline against her for the alleged violations given the utter lack of evidence of any wrong doing on her part.  Nevertheless, Plaintiff Kelly Vay was not returned to work.  She fears  for her eventual illegal and unwarranted  discharge or demotion given that Robert

Vay v. Robert Huston, *et al.*

Huston was heard to say, prior or just after the December 2, 2013 hearing, **"*That chick is not going to step foot in this building again*."**

60.     Plaintiff is currently on medical leave under the care of her physician due to the stress of the gender based hostile work environment.

61.     The organizational culture at the Office of the Medical Examiner is reflected in the often heard statement, that "***It's worse if you are a girl and know what you are doing***."

62.     Relatedly, Defendant Pilarski, told Plaintiff Vay and another newly hired forensic investigator when they were hired in April and May 2009 that "***the men will act like pigs***" and that they will have to learn to deal with it.

63.     When a female investigator mentioned to Defendant Pilarski that male Allegheny County detectives or City police officers stood by at any investigatory scene and would not help move a very large deceased individual, Defendant Pilarski remarked that she must not have "...***winked and wiggled...***" to get help.

64.     Neither Defendants Huston, Pilarski, Chichwak, or Baker, ever took steps to investiagte, remedy or prevent the pervasive and sometimes severe conditions which were hostile to women of which conditions they were aware and concerning individuals over whom they had supervisor authority; in fact, these Defendants individually and in concert purposely, personally participated in the creation and maintenance of the hostile environment.

65.     The Defendants herein have acted with reckless or callous disregard of, or indifference to the rights and safety of Plaintiff Kelly Vay and other female forensic investigators.

### Injuries To Plaintiff

66.     As a direct and proximate result of the above actions, Plaintiff suffered the following

Vay v. Robert Huston, *et al.*

injuries:

      a) emotional distress;

      b) humiliation;

      c) damage to professional reputation and advancement;

      d) interference with her immediate and extended family relationships;

      d) loss of wages and benefits.

Count One
Kelly Vay v Robert Huston
Equal Protection: Gender Discrimination

67.    Plaintiff incorporates the matters pleaded at ¶¶ 1 through 66 as if fully set forth herein.

68.    The Defendant Robert Huston, **acting under color of law, discriminated against** Plaintiff Kelly Vay when he personally and purposefully participated in and or either directed others within his supervisory authority to cause her to be suspended In August 2013 and in December 2013 or acquiesed in the conduct of his subordinates about which conduct he had actual knowledge and which conduct caused her to be suspended, as set forth herein, and otherwise caused her, in the manner aforementioned, to be treated differently than male employees in the terms and conditions of her employment because of her gender, all of which violates her rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

Count Two

Kelly Vay v Robert Huston
Equal Protection: Gender Discrimination
Hostile Work Environment.

69.    Plaintiff incorporates the matters pleaded at ¶¶ 1 through 68 as if fully set forth

herein.

70.     The Defendant Robert Huston, acting under color of law, discriminated against Plaintiff Kelly Vay when he personally and purposefully participated in and or failed to investigate, remedy and prevent conduct (by those within his supervisory authority and about whose conduct he had actual knowledge) causing a work environment hostile to women, all of which is in violation of her rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

Count Three

Kelly Vay v Robert Huston
Equal Protection: Gender Discrimination
Retaliation

71.     Plaintiff incorporates the matters pleaded at ¶¶ 1 through 70 as if fully set forth herein.

72.     The Defendant Robert Huston, acting under color of law, discriminated against Plaintiff Kelly Vay when he personally and purposefully participated in and or either directed others within his supervisory authority to retaliate against Vay or acquiesed in the conduct of his subordinates about which conduct he had actual knowledge and which conduct caused Vay to be retaliated against, or caused others, who defended or assisted Vay in her efforts opposing discrimination, to be retaliated against, as set forth herein, and otherwise caused Vay and other women, in the manner aforementioned, to be treated differently than male employees in the terms and conditions of her employment because Plaintiff Kelly Vay participated in investigations of and opposed discrimination against women, all of which violates her rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution

**Requested Relief From Defendant Robert Huston**

73.     Plaintiff incorporates the matters pleaded at ¶¶ 1 through 72 as if fully set forth herein.

Vay v. Robert Huston, *et al.*

WHEREFORE, Plaintiff demands judgment against the Defendant Robert Huston for violation of Vay's Fourteenth Amendment Rights under the U.S. Constitution to Equal Protection and asks judgment against the Defendant Robert Huston for violation of Vay's Fourteenth Amendment Rights under the U.S. Constitution to Equal Protection because he retaliated against Plaintiff Vay because she opposed violations of her Equal Protection Rights and the rights of other women, and Plaintiff asks the Court to award damages for back pay, front pay, lost benefits, compensatory damages for damage to her reputation and compensatory damages for emotional distress in an amount to be proven at trial, and Plaintiff asks the Court to award punitive damages in an amount to be proven at trial and such other legal or equitable relief as the Court deems just and appropriate.

### Count Four

### Vay v Stephen Pilarski
### Equal Protection: Gender Discrimination

74.     Plaintiff incorporates the matters pleaded at ¶¶ 1 through 73 as if fully set forth herein.

75.     The Defendant Stephen Pilarski, acting under color of law, discriminated against Plaintiff Kelly Vay when he personally and purposefully participated in and or either directed others within his supervisory authority to cause her to be suspended In August 2013 and in December 2013 or acquiesed in the conduct of his subordinates about which conduct he had actual knowledge and which conduct caused her to be suspended, as set forth herein, and otherwise caused her, in the manner aforementioned, to be treated differently than male employees in the terms and conditions of her employment because of her gender, all of which violates her rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

### Count Five

### Vay v Stephen Pilarski
### Equal Protection: Gender Discrimination
### Hostile Work Environment

*Vay v. Robert Huston, et al.*

76.     Plaintiff incorporates the matters pleaded at ¶¶ 1 through 75 as if fully set forth herein.

77.     The Defendant , acting under color of law, discriminated against Plaintiff Kelly Vay when he personally and purposefully participated in and or failed to investigate, remedy and prevent conduct (by those within his supervisory authority and about whose conduct he had actual knowledge) causing a work environment hostile to women, all of which is in violation of her rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

Count Six

Kelly Vay v Stephen Pilarski
Equal Protection: Gender Discrimination
Retaliation

78.     Plaintiff incorporates the matters pleaded at ¶¶ 1 through 77 as if fully set forth herein.

79.     The Defendant Stephen Pilarski, acting under color of law, discriminated against Plaintiff Kelly Vay when he personally and purposefully participated in and or either directed others within his supervisory authority to retaliate against Vay or acquiesed in the conduct of his subordinates about which conduct he had actual knowledge and which conduct caused Vay to be retaliated against, or caused others, who defended or assisted Vay in her efforts opposing discrimination, to be retaliated against, as set forth herein, and otherwise caused Vay and other women, in the manner aforementioned, to be treated differently than male employees in the terms and conditions of her employment because Plaintiff Kelly Vay participated in investigations of and opposed discrimination against women, all of which violates her rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

**Requested Relief From Defendant Stephen Pilarski**

80.     Plaintiff incorporates the matters pleaded at ¶¶ 1 through 79 as if fully set forth herein.

WHEREFORE, Plaintiff demands judgment against the Defendant Stephen Pilarski for

violation of Vay's Fourteenth Amendment Rights under the U.S. Constitution to Equal Protection and asks judgment against the Defendant Stephen Pilarski for violation of Vay's Fourteenth Amendment Rights under the U.S. Constitution to Equal Protection because he retaliated against Plaintiff Vay because she opposed violations of her Equal Protection Rights and the rights of other women, and Plaintiff asks the Court to award damages for back pay, front pay, lost benefits, compensatory damages for damage to her reputation and compensatory damages for emotional distress in an amount to be proven at trial, and Plaintiff asks the Court to award punitive damages in an amount to be proven at trial and such other legal or equitable relief as the Court deems just and appropriate.

Count Seven

Kelly Vay v Michael Baker

Equal Protection: Gender Discrimination

81.     Plaintiff incorporates the matters pleaded at ¶¶ 1 through 80 as if fully set forth herein.

82.     The Defendant, Michael Baker, acting under color of law, discriminated against Plaintiff Kelly Vay when he personally and purposefully participated in and or either directed others within his supervisory authority to cause her to be suspended In August 2013 and in December 2013 or acquiesed in the conduct of his subordinates about which conduct he had actual knowledge and which conduct caused her to be suspended, as set forth herein, and otherwise caused her, in the manner aforementioned, to be treated differently than male employees in the terms and conditions of her employment because of her gender, all of which violates her rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

Count Eight

Vay v Michael Baker

Equal Protection: Gender Discrimination

Hostile Work Environment

83.     Plaintiff incorporates the matters pleaded at ¶¶ 1 through 82 as if fully set forth

Vay v. Robert Huston, *et al.*

herein.

84.     The Defendant Michael Baker, acting under color of law, discriminated against Plaintiff Kelly Vay when he personally and purposefully participated in and or failed to investigate, remedy and prevent conduct (by those within his supervisory authority and about whose conduct he had actual knowledge) causing a work environment hostile to women, all of which is in violation of her rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

Count Nine
Vay v. Michael Baker
Equal Protection Clause: Gender Discrimination
Retaliation

85.     Plaintiff incorporates the matters pleaded at ¶¶ 1 through 84 as if fully set forth herein.

86.     The Defendant Michael Baker, acting under color of law, discriminated against Plaintiff Kelly Vay when he personally and purposefully participated in and or either directed others within his supervisory authority to retaliate against Vay or acquiesed in the conduct of his subordinates about which conduct he had actual knowledge and which conduct caused Vay to be retaliated against, or caused others, who defended or assisted Vay in her efforts opposing discrimination, to be retaliated against, as set forth herein, and otherwise caused Vay and other women, in the manner aforementioned, to be treated differently than male employees in the terms and conditions of her employment because Plaintiff Kelly Vay participated in investigations of and opposed discrimination against women, all of which violates her rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

**Requested Relief From Defendant Michael Baker**

87.     Plaintiff incorporates the matters pleaded at ¶¶ 1 through 86 as if fully set forth herein.

Vay v. Robert Huston, *et al.*

WHEREFORE, Plaintiff demands judgment against the Defendant Michael Baker  for violation of Vay's Fourteenth Amendment Rights under the U.S. Constitution to Equal Protection and  asks judgment against the  Defendant f Michael Baker for violation of Vay's Fourteenth Amendment Rights under the U.S. Constitution to Equal Protection because he retaliated  against Plaintiff Vay because she  opposed  violations of her Equal Protection Rights and the rights of other women, and Plaintiff asks the Court to award damages for back pay, front pay, lost benefits, compensatory damages for damage to her reputation and compensatory damages for  emotional distress in an amount to be proven at trial,  and Plaintiff asks the Court to award punitive damages in an amount to be proven at trial  and such other legal or equitable relief as the Court deems just and appropriate.

### Count Ten
### Kelly Vay v. Michael Chichwak
### Equal Protection: Gender Discrimiantion

88.     Plaintiff incorporates the matters pleaded at ¶¶ 1 through 87  as if fully set forth herein.

89.     The Defendant Michael Chichwak, acting under color of law, discriminated against Plaintiff Kelly Vay when he personally and purposefully participated in and or either directed others within his supervisory authority to  cause her to be suspended In August 2013 and in December 2013 or acquiesed in the conduct of his subordinates about which conduct he had actual knowledge and which conduct caused her to be suspended, as set forth herein, and otherwise caused her, in the manner aforementioned, to be treated differently than male employees in the terms and conditions of her employment because of her gender, all of which violates her rights under the Equal Protection Clause of the  Fourteenth Amendment  to the U.S. Constitution.

### Count Eleven
### Kelly Vay v. Michael Chichwak
### Equal Protection: Gender Discrimiantion
### Hostile Work Environment

Vay v. Robert Huston, *et al.*

90.     Plaintiff incorporates the matters pleaded at ¶¶ 1 through 89 as if fully set forth herein.

91.     The Defendant Michael Chichwak, acting under color of law, discriminated against Plaintiff Kelly Vay when he personally and purposefully participated in and or failed to investigate, remedy and prevent conduct (by those within his supervisory authority and about whose conduct he had actual knowledge) causing a work environment hostile to women, all of which is in violation of her rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

Count Twelve

Kelly Vay v Michael Chichwak
Equal Protection: Gender Discrimiantion
Retaliation

92.     Plaintiff incorporates the matters pleaded at ¶¶ 1 through 91 as if fully set forth herein.

93.     The Defendant Michael Chichwak acting under color of law, discriminated against Plaintiff Kelly Vay when he personally and purposefully participated in and or either directed others within his supervisory authority to retaliate against Vay or acquiesced in the conduct of his subordinates about which conduct he had actual knowledge and which conduct caused Vay to be retaliated against, or caused others, who defended or assisted Vay in her efforts opposing discrimination, to be retaliated against, as set forth herein, and otherwise caused Vay and other women, in the manner aforementioned, to be treated differently than male employees in the terms and conditions of her employment because Plaintiff Kelly Vay participated in investigations of and opposed discrimination against women, all of which violates her rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

**Requested Relief From Defendant Michael Chichwak**

94.     Plaintiff incorporates the matters pleaded at ¶¶ 1 through 93 as if fully set forth herein.

*Vay v. Robert Huston, et al.*

WHEREFORE, Plaintiff demands judgment against the Defendant Michael Chichwak  for violation of Vay's Fourteenth Amendment Rights under the U.S. Constitution to Equal Protection and  asks judgment against the  Defendant Michael Chichwak for violation of Vay's Fourteenth Amendment Rights under the U.S. Constitution to Equal Protection because he retaliated  against Plaintiff Vay because she  opposed  violations of her Equal Protection Rights and the rights of other women, and Plaintiff asks  the Court  to  award damages  for  back pay,  front pay,  lost benefits, compensatory damages  for  damage to her reputation and compensatory damages  for  emotional distress in an amount to be proven at trial,  and Plaintiff asks the Court to award punitive damages in an amount to be proven at trial  and such other legal or equitable relief as the Court deems just and appropriate.


Respectfully submitted,

s/  Michael J Lorence, Esq.

PA70445; CA2148333
Born Building, Suite 216
1831 Murray Avenue
Pittsburgh, Pennsylvania 15217
412-325-8090
866-534-8346 (Fax)
LorenceLaw@iCloud.com

Vay v. Robert Huston, *et al.*