**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KELLY J. VAY | ) | Civil Action No. 14 – 769 |
| Plaintiff, | ) | |
| v. | ) | Judge Nora Barry Fischer |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| ROBERT HUSTON, et al. | ) | ECF Nos. 49 & 50 |
| Defendants. | ) | |


**MEMORANDUM OPINION**
**ON DEFENDANTS' MOTION FOR SANCTIONS**

**Lenihan, Magistrate Judge**

Pending before the Court is Defendants' Motion for Sanctions. Defendants contend that

the Plaintiff failed to engage in early neutral evaluation ("ENE") and mediation in good faith.

After considering the evidence presented and the arguments of Plaintiff and Defendants, the

Court grants in part and denies in part Defendants' Motion for Sanctions.

## I. PROCEDURAL HISTORY

Plaintiff initiated this action by filing a civil complaint on June 16, 2014. The case was

assigned to Judge Nora Barry Fischer. Pursuant to the Local Rules of Court for the United States

District Court for the Western District of Pennsylvania, specifically LCvR 16.2, the parties are to

discuss and attempt to stipulate to an ADR process at the Rule 26(f) conference. ADR is

required in all cases with the exception of Social Security cases and cases in which a prisoner is a

party. The ADR process is governed by the ADR Policies and Procedures as adopted by the

Board of Judges for the this Court. ("Policies and Procedures").

http://www.pawd.uscourts.gov/Applications/pawd_adr/Documents/ADRPolicies.pdf.

In addition to indicating which ADR process is selected in the Rule 26(f) written report, the

parties are to file a separate form entitled "Stipulation Selecting ADR Process."

In this case, the Rule 26(f) Report filed at ECF No. 17 states as follows:

> The parties have agreed to Early Neutral Evaluation. However, the
> parties agree that there is virtually no chance of any settlement of this
> case prior to the completion of discovery, at which time counsel for the
> defendants believes that the early neutral evaluation form of ADR, as
> opposed to mediation, increases whatever chances for settlement exist.
> Plaintiff consents to ENE.

The Stipulation Selecting ADR Process was filed on September 11, 2014 at ECF No. 18 and

indicates that the parties have selected early neutral evaluation, costs to be shared equally by the

parties. The Initial Case Management Conference was held before the District Judge on

September 18, 2014. The minute entry for the conference reads as follows: "The parties agreed

to ENE/Mediation for alternative dispute resolution to be completed by November 28, 2014 with

the Hon. Kenneth Benson and the costs to be split evenly between the parties. The Court

appointed Ms. Scott as lead counsel for ENE/Mediation, and the parties will file notice of the

intended date for ENE/Mediation by September 26, 2014." ECF No. 9.

Finally, the Court entered an Order referring the case to "Early Neutral

Evaluation/Mediation." The order further provides that principals from each party with full

settlement authority shall be in attendance. ECF No. 21.

On January 8, 2015, Defendants filed a Motion for Sanctions along with a sealed Motion

containing their confidential ENE position statement (ECF Nos. 49 and 50). Given the

allegations of the motion, Judge Fischer ordered that the matter be referred to the undersigned. [1]

---

[1] Section 2.4 of the Policies and Procedures of the U.S. District Court for the Western District of Pennsylvania gives the trial judge discretion to refer a motion implicating issues of confidentiality in the ADR process to another judge who is a member of the Court's Case Management and ADR Committee, of which the undersigned is a member. The referral was actually made on January 6, 2015 based upon a filing by Plaintiff which, in effect, preempted the Defendants' Motion for Sanctions.

The undersigned held a status conference on January 12, 2015. A lengthy discussion took place at that status conference during which both sides argued their positions and Plaintiff requested an opportunity to file a Response to the Motion. The parties were also ordered to determine whether or not they wanted to present testimony. On February 3, 2015 Plaintiff filed her Response to the Motion for Sanctions. ECF No. 59 (under seal). That Response does not request a hearing.

On February 9, 2015 Defendants filed their Reply to the Response. [2] Defendants requested a hearing only if the Court finds there are disputed facts. It is without question that in any dispute of this type there are disputed facts, however, the Court finds that there are no disputes of *material* fact and therefore has not scheduled a hearing. Plaintiff's Sur-Reply was filed on February 17, 2015. This matter is now ripe for disposition.

## II. APPLICABLE STANDARD OF REVIEW

This Court must determine if sanctions should be imposed upon Plaintiff for failing to participate in the ENE/mediation in good faith. Defendants request sanctions under Rule 16 of the Federal Rules of Civil Procedure which they argue allows the court to require parties to attend conferences for the purpose of discussing settlement and impose sanctions if they fail to participate in good faith, citing *Newton v. A.C. & S., Inc.,* 918 F.2d 1121, 1126 (3d Cir. 1990). In addition, this Court has an inherent power to assess sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991). S*ee also Martin v. Brown,* 63 F.3d 1252, 1265 (3d Cir. 1995).

## III. DISCUSSION

---

[2] The deadline for the Reply was 2/6/15. *See* ECF No. 52. Plaintiff filed a Motion to Strike as untimely, or in the alternative, requested leave to file a Sur-Reply. The motion to strike was denied, and leave to file the Sur-Reply was granted.

Defendants' argue that sanctions are appropriate for a number of reasons. First, Plaintiff

failed to prepare a Written Statement pursuant to Rule 4.8 of the ADR Policies and Procedures.

There is no dispute as to this issue. Plaintiff's Response ECF No. 59 ¶ 16. Conversely, the

Defendants prepared a 7 page ENE Position Statement with 43 pages of supporting exhibits. It is

undisputed that this Statement was not served on Plaintiff as required by Section 4.8A of the

Policies and Procedures. In addition, Defendants contend that Plaintiff simply rested on her

complaint at the ENE, and did not present or summarize any records, medical records, wage loss

or other documents to support her case. According to Defendants, the only information Plaintiff

provided was in response to specific questions from the neutral. Plaintiff avers that at the ENE

counsel did "describe briefly the substance of the suit…and addressed Plaintiff's view of the key

liability issues and damages and discussed the key evidence." ECF No. 59 ¶¶ 17-18.[3] Plaintiff

argues that it was not necessary to provide any records as Defendants had already received the

pertinent reports. This is also contrary to the Policies and Procedures which require the Position

Statement to include documents whose availability would materially advance the purpose of the

evaluation session, such as medical reports, to enable the *neutral* to review the case in advance of

the ENE session.

The ENE lasted for approximately 1 to 1.5 hours. At that point, the session turned into a

mediation and the parties and counsel were placed in separate rooms. There is no indication that

Plaintiff or her counsel objected to proceeding with the mediation.

Counsel for Defendants alleges that she requested that Plaintiff submit a demand prior to the

ENE. No demand was submitted and Plaintiff disputes that such request was made. During the

mediation, Plaintiff refused to make a demand of any kind. Finally, Defendants decided that they

---

[3] Plaintiff also places blame on the neutral for failing to schedule a telephone conference with counsel prior to the ENE as required by Section 4.7 of the Policies and Procedures.

would make an offer in the case despite the lack of a demand. The offer was conveyed to the

Plaintiff. Plaintiff refused to respond to this offer with any demand.[4] The mediation commenced

at approximately 10:30/11:00 AM and concluded between 2 and 2:30 PM.

Defendants request that Plaintiff be ordered to pay the entire fee of the neutral which was

$3,000. Defendants request attorneys fees to compensate counsel for preparing the early neutral

evaluation statement as well as preparing for the ADR session. In addition, Defendants request

that compensation be paid to each Defendant and Defendant representative as sanctions for

wasting their time in preparing for and attending the ADR session. [5]

Plaintiff argues that, despite failing to provide a Position Statement, she made an adequate

presentation of her case at the ENE. Plaintiff further argues that it was made clear from the outset

that she did not expect the case to settle, that Plaintiff never agreed that she would make a

demand and did not request settlement assistance from the neutral after the ENE session.

It is typically the case that if a plaintiff does not wish to make a demand or a defendant does

not wish to make an offer, the court will suggest, or the parties will agree, that the case proceed

to early neutral evaluation. In that situation, it would not be inappropriate or in bad faith for a

plaintiff to refuse to make a settlement demand. However, in the present case, the record is

confusing at best. Counsel for Defendants stated during the conference on January 12, 2015 that

the parties discussed at their Rule 26 conference as well as at the initial case management

conference with Judge Fischer, that the ENE would revert to a mediation. No objection was

made by the Plaintiff, and Plaintiff does not address this issue in her filings. However, neither the

Rule 26(f) report, nor the ADR Stipulation indicate that anything other than an ENE was agreed

---

[4] Without revealing the amount of the offer, it is important to note that the offer was well above any nuisance value
assessment of the case.

[5] Two of four named Defendants attended the mediation as well as the County Solicitor. The remaining two
participated by phone with consent of Plaintiff.

to. Moving down the docket, both the Court's minute entry for the initial case management conference as well as the referral order entered by the Court, support defense counsel's statements that mediation was discussed as a possible ADR process in this case.

This is a very important distinction. The Western District Court does not require that a party settle a case. It does not require that plaintiffs make demands or that defendants make offers. It does, however, require that the parties engage in an ADR process in good faith. If the parties indicate that they will be engaging in a mediation process, a plaintiff would be proceeding in bad faith if he or she refuses to make a demand for settlement.  Likewise, a defendant would be proceeding in bad faith if the defendant refused to make an offer. *See, e.g., Grigoryants v. Safety-Kleen Corp.*, No. 11-267E, 2014 WL 2214272, at *5 (W.D. Pa. May 28, 2014). *See also Arneault v. O'Toole*, No. 1:11-95, 2014 WL 1117900, at *3 (W.D. Pa. Mar. 11, 2014).

Rule 16(f) provides that upon a motion, or on its own, a court may issue sanctions if a party or its attorney:

(A) fails to appear at a scheduling or other pretrial conference;

(B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or

(C) fails to obey a scheduling or other pretrial order.

Let us begin with Plaintiff's failure to prepare a written ENE position statement for the neutral. There is no dispute that Plaintiff agreed to ENE and there is no dispute that a statement was not prepared. The Court devotes 4 pages to the Early Neutral Evaluation process in its ADR Policies and Procedures. These procedures can be found on the Court's website, are referenced in the local rules and are readily available to all practitioners. Section 4.7 of the Policies and procedures states that "[n]o later than 10 calendar days before the

ENE, each party must submit directly to the evaluator, and must serve on all other parties, a written Statement." Section 4.8 describes in detail what is to be contained in that Statement. In addition to describing the substance of the suit, the Statement is to address the party's views of the key liability issues and damages and discuss key evidence. Further, the Statement is to address whether there are legal or factual issues whose early resolution would significantly reduce the scope of the dispute or contribute to settlement negotiations, identify discovery necessary for meaningful settlement negotiations and include copies of any documents that would be helpful. Counsel for Plaintiff admits that he did not comply with this requirement. Plaintiff argues that the allegations of her complaint were very detailed, however, that information was not given to the neutral prior to the evaluation and the Complaint itself does not provide the information required by section 4. 8. Defendants did provide an appropriate Position Statement with attachments, but did not provide a copy to Plaintiff's counsel in advance.[6]

Section 4.9 D provides that at any point during the ENE, if all parties agree, they may proceed to mediation and/or discuss settlement. This lends further support to Defendants' position that Plaintiff did not at any time object to proceeding to mediation and/or to a discussion of settlement. From the Court's September 18 minute entry it can be assumed that Plaintiff did not object to mediation. Finally, in Plaintiff's Response at ECF No. 59 she does not indicate that she objected to proceeding to mediation with the neutral after the evaluative portion of the ADR process, only that she did not request it. This implies a duty to proceed in

---

[6] This was discussed during the conference on January 12, 2015 and both counsel for Defendants and the Court expressed an erroneous belief that the Statement was not required to be provided to opposing counsel, when, in fact, it is. *See* Policies and Procedures Section 4.8. In their Position Statement Defendants had included their position as to liability and value and therefore, understandably, did not wish to provide a copy to their opponent. This type of information is something that would be included in a mediation statement, which would not be provided to opposing counsel. It is the opinion of this Court that this oversight is excusable, particularly given the fact that the ADR process was to be a combined ENE/mediation per court order.

good faith. Prior to wasting everyone's time in what Plaintiff knew would be a futile mediation it was Plaintiff's duty to advise that she did not intend to make a demand.

Plaintiff argues that her case can be distinguished from the opinions in *Grigoryants*, 2014 WL 2214272 and *Arneault*, 2014 WL 1117900, cases decided in the Western District of Pennsylvania. While it is true that the facts herein are distinguishable from the facts in *Grigoryants,* Defendants argue, and the Court agrees, that *Grigoryants* "stands for the proposition that the Western District holds parties responsible for their conduct at ADR and where a party's actions result in the needless expenditure of the other parties time and resources, sanctions are warranted." ECF No. 61, p.3. This case is more in line with the opinion in *Arneault*, in which plaintiff refused to make an offer in response to a demand from defendants. *Arneault,* 2014 WL 1117900, at *3. Judge Mitchell found that Plaintiff's bad faith participation in the settlement conference "created unfair and unreasonable economic burdens on Defendants for their good faith participation in the settlement conference." *Id.* Defendants in this case are making a similar argument. Not only did they spend significant time preparing a Position Statement for the early neutral evaluation, all four of the named Defendants attended the conference (either in person or via telephone) along with counsel and the County Solicitor. Following the evaluation, which took approximately one hour, all were then required to spend an additional three to four hours in a mediation rendered fruitless by Plaintiff's refusal to make a demand.

Judge Fischer's Order of September 26, 2014 referred the case to early neutral evaluation/**mediation**. (emphasis added). Although Plaintiff did advise that she did not expect the case to settle at the ADR process, Defendants were never informed that no demand would be made. Other courts outside of this district have found bad faith and

awarded sanctions for conduct during a court ordered settlement conference. *See, e.g.*, *Karahuta v. Boardwalk Regency Corp.*, No. 06-4902, 2007 WL 2825722, at *6 (E.D. Pa. Sept. 27, 2007); *Pitman v. Brinker Int'l*, No. CV 02-1886PHX DGC, 2003 WL 23353478, at *3-7 (D. Ariz. Oct. 2, 2003); *Francis v. Women's Obstetrics and Gynecology Grp.*, 144 F.R.D. 646 (W.D.N.Y. 1992); *Caraballo v. Homecomings Fin.*, No. 12 Civ. 3127(JPO)(KNF), 2013 WL 1499403, at *2-6 (S.D.N.Y. Apr. 12, 2013); *RLI Ins. Co. v. Choctaw Cnty. Pub. Bldg. Auth.,* No. C.A. 04-0421-CB-C, 2005 WL 2233070, at *4, 7 (S.D. Ala. Sept. 12, 2005).

Defendants are requesting that Plaintiff not only pay the entire cost of the early neutral evaluation/mediation but also that counsel be compensated for all of her time spent in preparing, as well as the time spent by the four Defendants and the Solicitor at the ENE/mediation.

This is not as clear a case of bad faith as Defendants contend. Plaintiff made it clear that she did not intend to settle the case and therefore the parties agreed to an ENE as opposed to a mediation. However, Plaintiff did not object or make any statements to Judge Fischer when the parties discussed at the Rule 16 conference that the ENE could morph into a mediation. Nor did Plaintiff object when the Judge entered an order sending the case to ENE/mediation. The Court finds that Plaintiff did show bad faith in failing to follow the procedures for an ENE, specifically in providing the Position Statement as required. This was followed by Plaintiff allowing the evaluation session to turn into a three to four-hour mediation session during which she refused to even make a demand. This, the Court finds, was in bad faith.

The Court does not believe however, that Plaintiff should be required to pay for each of the Defendants' time in preparing for and participating in the ENE/mediation. This is a cost

which Defendants would have incurred even if Plaintiff had made a demand that they had not accepted. Plaintiff's conduct warrants a sanction, but not as severe a sanction as Defendants seek. The Court finds that a sanction to pay for the entire cost of the neutral, $3000, is sufficient given the circumstances.

## IV. CONCLUSION

For the reasons set forth herein, I find that Defendants' Motion for Sanctions should be granted in part and denied in part. There will be no award of counsel fees nor any additional fees for the Defendants' participation in the ADR process. However, Plaintiff will be ordered to pay for the cost of the neutral. An appropriate Order will follow.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal will constitute a waiver of any appellate rights.

Dated: February 25, 2015

LISA PUPO LENIHAN
United States Magistrate Judge