**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KELLY J. VAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-769 |
| | ) | Hon. Nora Barry Fischer |
| ROBERT HUSTON, Administrator, | ) | |
| Laboratory Director of the Medical Examiner | ) | |
| of Allegheny County, in his individual | ) | |
| capacity; STEPHEN PILARSKI, former | ) | |
| Administrator of the Office of the Medical | ) | |
| Examiner of Allegheny County and currently | ) | |
| Deputy Manager of Allegheny County, in his | ) | |
| individual capacity; MICHAEL BAKER, | ) | |
| former Manager of Morgue Operations, in his | ) | |
| individual capacity; MICHAEL | ) | |
| CHICHWAK, Manager of Investigations, in | ) | |
| his individual capacity; and ALLEGHENY | ) | |
| COUNTY OF PENNSYLVANIA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. Introduction

This employment discrimination lawsuit was brought pursuant to the Fourteenth

Amendment to the Constitution of the United States, 42 U.S.C. § 1983, 42 U.S.C. §2000e *et seq.*,

and the Pennsylvania Human Relations Act by Plaintiff Kelly Vay, ("Vay"), against Defendant

Allegheny County of Pennsylvania, ("Allegheny County")[1] and against Defendants Robert

Huston, Stephen Pilarski, Michael Baker, and Michael Chichwak (collectively, "Defendants"), in

their official and individual capacities.[2] (Docket No. 25). Plaintiff alleges that she was subjected

---

[1] Defendant Allegheny County of Pennsylvania was added as a defendant when Plaintiff filed her First Amended Complaint. (Docket No. 25).
[2] Defendants Huston, Pilarski, Baker, and Chichwak were affiliated with the Office of the Medical Examiner of Allegheny County in some respect during the complained of timeframe. (Docket No. 25).

to gender discrimination, forced to work in a hostile work environment, and suffered retaliation. (*See e.g.*, Doc. No. 148 at ¶¶ 72–77).

Presently before the Court is a hard fought motion for sanctions filed by Defendant Allegheny County, (Docket No. 155), Plaintiff's opposition thereto, (Docket No. 164), and numerous supplemental briefs and responses, (Docket Nos. 183, 184, 196, 197, 214, 220). The Court also has the benefit of hearing and oral argument which occurred on September 9, 2015 and January 13, 2016. (Docket Nos. 178, 210). For the following reasons, and in accordance with the Order of Court issued on March 31, 2016, (Docket No. 221), Defendant Allegheny County's Motion for Sanctions, (Docket No. 155), is GRANTED, in part, and DENIED, in part.

## II.    Background[3]

This motion largely relates to the following twelve categories of documents which Defendant asserts Plaintiff failed to produce as part of her initial disclosures, in response to Defendant's First Request for Production, or as a supplement thereto:

1. Grievances filed by Plaintiff, including Grievances Plaintiff claims were not pursued by her union;
2. Plaintiff's Calendars;
3. Emails from Plaintiff's personal Yahoo email account including County emails auto forwarded to Plaintiff's personal Yahoo account;
4. Original and altered versions of documents that Plaintiff claims were altered by Allegheny County;
5. December 2010 Letter to Nichole Nagle (HR Manager) with a list of complaints that relate to discrimination, harassment, and retaliation;
6. 2012 emails Plaintiff sent to an attorney she planned to hire that reflect the use of the phrase "c--- crew" at the office;
7. Multiple emails stating that a certain investigator will apologize to her for a comment she made;
8. Jennifer Sullivan documents;

---

[3] The Court will not spend much time on the underlying facts in this case given that the motion before the Court is a one based on discovery between the parties.

9. All efforts made to obtain employment from November, 2013 through the present;
10. Mental Health Treatment Records (through the present);
11. Income Tax returns for 2009 – present including W-2 and 1099 forms; and
12. Records of any payments made to compensate Plaintiff for work performed including pay stubs, checking account deposit records, and bank records from November 2013 through the present.

(*See* Docket Nos. 155 at ¶ 39; 183-2; 220 at 2–3). At the case management conference on September 16, 2014,[4] the Court set deadlines for initial disclosures, October 15, 2014, and the close of fact discovery, February 15, 2015. (Docket No. 19). The parties moved to enlarge those dates, and for good cause shown the Court obliged, extending the deadlines for initial disclosures and discovery until November 17, 2014 and May 1, 2015, respectively. (Docket Nos. 20, 28–29, 54, 55). The parties exchanged initial disclosures on the day they were due, (*see* Docket No. 38 at ¶¶ 1–2), and shortly thereafter, Plaintiff moved to compel further initial disclosures from Defendant, which the Court subsequently denied. (Docket Nos. 38, 51). Defendant did not object to Plaintiff's initial disclosures at any time during discovery.

A few weeks after exchanging initial disclosures, the parties served interrogatories and their first requests for production. (*See* Docket No. 155 at ¶¶ 9, 18; 155-1; 196-1 at 2–4, 7). Both parties failed to answer interrogatories and respond to requests for production within the thirty day time period required by the Federal Rules of Civil Procedure. Defendant responded to Plaintiff's discovery requests three weeks late. (*See* Docket No. 196-1 at 8, 9). On February 3— *i.e.*, one day after the Court granted the parties' joint motion to extend discovery 75 days until

---

[4] Immediately following the case management conference, the parties engaged in a two-hour meet and confer in the Court's jury room regarding electronically stored information ("ESI").

3

May 1, 2015—Defendant filed a motion with the Court seeking to compel Plaintiff to respond to its discovery requests.[5] (Docket No. 60).

The parties conferred via email regarding Defendant's motion, and the night before the Court was scheduled to convene a hearing on the matter, Plaintiff provided answers to Defendant's interrogatories, made a partial document production, and promised Defendant that she would respond more fully to Defendant's request for production. (*See* Docket Nos. 155 at ¶ 34; 196-1 at 19). Given Plaintiff's action, counsel for Defendant contacted the Court to ask the Court to deny its motion to compel, as moot. (*See* Docket No. 155 at ¶ 35). The Court did so, entering an order denying Defendant's motion to compel, without prejudice, and further ordered Defendant to renew its motion by March 4, 2015, if necessary. (Docket No. 70). Shortly thereafter, Plaintiff served her responses to Defendant's request for production, objecting, in part, but producing forty-eight documents. (Docket No. 220 at 7). Defendant did not renew its motion by the Court's March 4, 2015 deadline.

The parties continued to engage in what was often contentious[6] discovery, ultimately completing 17 depositions. (*See* Docket No. 220 at 12 n. 17). On March 26, 2015, Defendant deposed Vay,[7] (Docket No. 180), during which she identified twelve sets of documents that had not yet been produced. (*See generally id.*). About one week after her deposition, counsel for Defendant sent Plaintiff's counsel a letter raising what Defendant believed were deficiencies in Plaintiff's responses to Defendants' First Set of Interrogatories and First Request for Production.

---

[5] The record is unclear whether counsel met and conferred in person or via telephone as required by this Court's order prior to Defendant's filing of its motion to compel because the certificate of conferral only referenced written email correspondence between the parties. (*See* Docket No. 60).

[6] Throughout the discovery period they filed numerous discovery motions, many of which caused the Court to convene hearings and oral arguments to resolve them. (Docket Nos. 91, 93, 109, 124, 155, 156, 168). The parties also engaged in substantial motions practice related to Defendant's motion for sanctions in the ADR context. *See Vay v. Huston*, 2015 U.S. Dist. LEXIS 22479 (W.D. Pa. Feb. 25, 2015).

[7] Given Defendant Allegheny County's repeated reference to documents both Vay and Ms. Sullivan-Dwyer allegedly revealed they maintained, the Court ordered the parties to file Vay's and Sullivan-Dwyer's deposition transcripts on the docket, (Docket No. 180–81), and the Court has reviewed same.

(Docket No. 155-3). On April 13, 2015,[8] the parties had a face-to-face meet and confer regarding discovery up to that date. (Docket Nos. 155 at ¶ 13; 214 at 7). Despite the fact that discovery was scheduled to close 17 days after the conferral, Defendant did not bring these deficiencies to the Court's attention at that time.[9] Plaintiff, however, did file a motion to extend discovery for the limited purposes of conducting certain specific depositions, (*see* Docket No. 97), which was granted, in part, allowing Plaintiff to take these depositions after the May 1, 2015 deadline. (Docket Nos. 105–106).

Discovery then closed on May 1, 2015, with the exception that Plaintiff was allowed to conduct a 30(b)(6) deposition beyond the deadline as previously ordered on April 28, 2015. (Docket No. 106). Over two months later, Defendant filed the instant motion for sanctions, seeking the twelve categories of documents listed above.[10] (Docket No. 155).

Once Allegheny County served its motion for sanctions, Plaintiff produced a host of documents including: (1) her calendars and some medical records one week after Defendant filed its motion; (2) approximately 5,000 ESI and scanned PDF documents another week later; (3) an additional 928 ESI and scanned PDF documents, as well as two documents relating to grievances, a day before the hearing and oral argument set in September 2015; and, (4) 3,212 ESI and scanned PDF documents the day before the second hearing and argument in January 2016. (Docket No. 220 at 7).

---

[8] This Court's *Practices and Procedures* require that discovery requests must be served soon enough that responses are due within the discovery period. *Practices and Procedures of Judge Nora Barry Fischer*, § III.B.5 (eff. 2/5/13), *available at:* http://www.pawd.uscourts.gov/sites/pawd/files/fischer_pp.pdf.

[9] Defendant could have done so by way of filing a motion seeking relief, or requesting a discovery status conference, something which this Court encourages.

[10] Defendant included a certificate of conferral with the motion stating that defense counsel had written to Plaintiff on a number of dates in an attempt to resolve their discovery disputes. (Docket No. 155 at 9). Defendant also included a proposed order with its motion, seeking monetary sanctions and the production of "all documents that should have been produced as initial disclosures, including all documents she admitted possessing at her March 26, 2015 deposition," and "all documents requested in Defendant's First Request for Production of Documents, without any objections." (Docket No. 155-9).

5

Plaintiff has since taken the position that with the exception of the original and altered version of documents, and 2012 emails Plaintiff sent to an attorney with the phrase "C--- Crew," all responsive documents related to the twelve categories listed above have either been produced, do not exist, or Plaintiff does not have them. (*See* Docket No. 214 at 17–29).

## III.  Procedural History

As noted, the parties extensively briefed the instant motion, after which the Court held a Hearing and Oral Argument on September 9, 2015. (Docket Nos. 155, 159, 164, 171, 172). There, Defendant changed its requested relief by asserting that this Court should sanction Plaintiff by either excluding Plaintiff's subsequent productions from being used at trial or dismissing her entire case, with prejudice.  (Docket No. 182 at 21:7–10). Because the parties' arguments exceeded the available time on the Court's calendar, the Court continued the Hearing and Oral Argument to October 28, 2015, at a time convenient for counsel's schedules. (Docket No. 179). Additionally, the parties requested, and the Court granted, the opportunity to file supplemental briefs. (*Id.*).

After repeated requests from counsel to continue the October hearing date, including one to allow Plaintiff time to retain new counsel in an effort to ameliorate the strained relations between counsel for the parties, the Court rescheduled the continued hearing for January 13, 2016. (Docket Nos. 194–95, 201, 203, 206).

At its conclusion, (Docket No. 210), the Court permitted the parties to file supplemental briefs. (*Id.*). Plaintiff timely filed on March 3, 2016, (Docket No. 214), while Defendant sought two weeks' additional time. (Docket No. 217). The Court granted, in part, and denied, in part, Defendant's motion, extending the deadline to March 24, 2016. (Docket No. 218). Thereafter,

Defendant filed its response as ordered, (Docket No. 219), supplemented by an errata on March 28, 2016, (Docket No. 220). Thus, the motion for sanctions is finally ripe for disposition.

## IV. Legal Standard

Rule 37 authorizes a court to impose sanctions against a party that fails to provide discovery as required by the Federal Rules of Civil Procedure[11] or a court order. FED. R. CIV. P. 37. Although the Federal Rules of Civil Procedure permit a court to sanction, "[t]he ultimate decision to impose sanctions under Rule 37 and any determination as to what sanctions are appropriate are matters entrusted to the discretion of the district court." *Dufala v. Primanti Bros.*, 2015 U.S. Dist. LEXIS 132964, at *2 (W.D. Pa. Sept. 30, 2015) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007)).

Rule 37(c) permits a court to impose sanctions where a party fails to disclose or supplement discovery pursuant to Rule 26(a) and (e). FED. R. CIV. P. 37(c). Specifically Rule 37(c) states:

> (1) **Failure to Disclose or Supplement**. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>> (B) may inform the jury of the party's failure; and

---

[11] The Court notes that the 2015 version of the Federal Rules of Civil Procedure apply to this ongoing action to the extent practicable. *See* FED. R. CIV. P. Refs & Annos (Order of April 29, 2015) ("the foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2015, and shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending."). Rule 37 was amended, in part, via the 2015 Amendments to the Federal Rules of Civil Procedure, such that Rule 37(a)(3)(B)(iv) and 37(e) were amended as those subsections pertain to the discovery of electronically stored information. *See* FED. R. CIV. P. 37 (2015). However, as is noted in the body of this decision, neither of the amended subsections of Rule 37 is at issue in the dispute before the Court. *See* § V.B., *infra*.

> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

FED. R. CIV. P. 37(c). As noted in the rule, subsection (A) allows a court to order payment of the reasonable expenses, including attorney's fees, caused by the failure to supplement, and subsection (C) authorizes a court to impose "other appropriate sanctions," including dismissing the action or proceeding in whole or in part. FED. R. CIV. P. 37(c)(1)(A)–(C). The "other appropriate sanctions" identified by Rule 37(b)(2)(A)(i)-(vi) include:

> i. Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> ii. Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> iii. Striking pleadings in whole or in part;
> iv. Staying further proceedings until the order is obeyed;
> v. Dismissing the action or proceeding in whole or in part; or
> vi. Rendering a default judgment against the disobedient party.

FED. R. CIV. P. 37(b)(2)(A)(i)-(vi). Accordingly, the Court has numerous options available from which to fashion an appropriate sanction.

Although Rule 37 gives a court power to sanction, "[s]anctions should not be awarded, however, if the failure to disclose or supplement was substantially justified. 'Substantial justification for the failure to make a required disclosure has been regarded as justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The test of substantial justification is satisfied if there exists a genuine dispute concerning compliance.'" *Claude Worthington Benedum Found. v. Harley*, 2014 U.S. Dist. LEXIS 99019, at *10 (W.D. Pa. July 22, 2014) (quoting *Tolerico v. Home Depot*, 205 F.R.D 169, 175–76 (M.D. Pa. 2002)). Further, "a failure to disclose is considered harmless 'when there is no prejudice to the party entitled to disclosure.'" *E.M.*

*Sergeant Pulp & Chem. Co. v. Travelers Indem. Co.*, 2015 U.S. Dist. LEXIS 170497, at *7 (D.N.J. Dec. 22, 2015) (citation omitted).

The Court is also mindful of the recent changes to the Federal Rules of Civil Procedure, particularly regarding proportionality. Initially, the commentary to Rule 26 notes, "[e]ffective December 1, 2015, 'proportionality' is now part of the scope of discovery." FED. R. CIV. P. 26 (commentary). Accordingly, the scope of discovery has been revised to state that, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b).[12] Among the considerations a Court must now consider, are: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.*

## V.    Discussion

Given the new rules and the renewed focus on proportionality, the Court is chagrined to see the extent to which the parties have litigated their disputes, despite myriad opportunities provided by the Court for the parties to meet and confer and resolve them amicably, inexpensively, and quickly. Had the parties spent even a fraction of the time they did litigating these issues on working together to come to a resolution, this case would be in a much different

---

[12] Although Rule 26 has been recently amended to include the word "proportionality," the concepts related thereto were previously addressed in former Rule 26(b)(2)(C)(iii). Under either version of the Rules, the Court is to consider all of the facts and circumstances of the pending action. *See Bennett v. R&L Transfer, Inc.*, 2015 WL 9480104, at *3 (W.D. Pa. Dec. 29, 2015). *See also Johnson v. Johnson*, 2015 WL 9259405, at *1 (W.D. Pa. Dec. 18, 2015) (rulings regarding the scope of discovery are matters for the Court's discretion); 7 James W. Moore, Moore's Federal Practice § 37.22[2][d] (3d ed. 2010) (stating that when determining motions to compel discovery in which proportionality is at issue, courts should consider the totality of the specific circumstances presented in the particular case).

posture than it is today. In light of their impasse, the Court will now turn to the parties' arguments.

Defendant contends that this Court should impose sanctions, including dismissal, on Plaintiff for her alleged failure to produce the previously described documents as part of initial disclosures, as a response to Defendant's First Request for Production, or as supplements to same. (Docket No. 155). Plaintiff first counters by asserting that she was not obligated to supplement her responses because they were sufficient, and in the event that the Court finds they were not, the Court should nevertheless refuse to impose sanctions because Defendant failed to follow the procedural requirements set forth in the Federal Rules of Civil Procedure that Defendant first move to compel production of documents. (Docket No. 164 at 2). Plaintiff next contends that Defendant failed to meet and confer as required by the rules, and further argues that with respect to Defendant's argument regarding dismissal as a sanction, Defendant has not demonstrated sufficient prejudice to warrant dismissal of Plaintiff's case. (Docket Nos. 164 at 2; 214 at 28–29). Prior to evaluating these arguments, the Court first considers proportionality.

### A. Whether the Discovery at Issue is Proportional to the Needs of the Case

Initially, the issues at stake in this case go beyond merely financial considerations. Plaintiff asserts that the individual Defendants, managers and former managers of Defendant Allegheny County's Office of the Medical Examiner, violated her constitutional rights by fostering a hostile work environment and subjecting her to, among other things, crude, morally repugnant sexist language. (Docket No. 148 at 6). Such conduct, if it occurred, should not be condoned, especially in a setting related to law enforcement and the courts.[13] In addition,

---

[13] The Court notes that the Pennsylvania Interbranch Commission for Gender, Racial and Ethnic Fairness is tasked with investigating some of these issues as they relate to gender bias in the workplace. *See e.g.,* The Pennsylvania Interbranch Commission for Gender, Racial and Ethnic Fairness, *available at:* http://www.pa-interbranchcommission.com/ (last visited 4/11/16).

Plaintiff could be entitled to monetary compensation including an award of attorneys' fees and costs. *See* 42 U.S.C. § 1988.

Defendant cannot refute the importance of the discovery at issue, because it seeks same. As to relative access to information, although it is true that Plaintiff certainly had within her control significant amounts of information, as Plaintiff's employer, Defendant had or should have had at least as much access over communications occurring at the Medical Examiner's Office, the scene where the alleged discrimination took place. Comparing resources, the Court recognizes that Defendant Allegheny County is defended by the County's Law Department, but it has comparatively greater resources at its disposal than does Vay and her counsel.[14] Though Defendant has raised the considerable expense already incurred in defense of this case and its use of taxpayer dollars to fund that defense, it has also chosen to rigorously defend this action, which is its right.[15] Accordingly, the Court finds that the extensive discovery undertaken to date appears proportional to the needs of this Case.

### B. Defendant's Legal Basis for Bringing its Motion

Defendant filed the instant motion for sanctions after the discovery deadline and without the Court first having ordered Plaintiff to produce anything. (*See* Docket Nos. 55, 70). Despite same, Defendant argues that the Court should sanction Plaintiff "pursuant to FED. RULE CIV. PRO. 37(a), (c), & (d)" for failing to produce the aforementioned documents as initial disclosures, in response to Defendants' First Request for Production, or by way of its supplementing same. (Docket No. 155). The Court now considers whether Defendant's reliance on Rule 37(a), (c), or (d) given these circumstances may support sanctions.

---

[14] The County has direct access to numerous witnesses as former or current employees. Vay's income is currently derived from jewelry sales commissions. (*See* Docket No. 180 at 101).

[15] The parties have had numerous opportunities to resolve their case amicably through both the Court mandated ADR program, and at the Court's suggestion during hearings held in this case.

Rule 37(a) provides the Court with authority to order a party to disclose information, but generally does not serve as a basis for sanctions. *See* FED. R. CIV. P. 37(a). While it is true that the Court may award reasonable expenses, any such award must relate to a motion to compel. *See* FED. R. CIV. P. 37(a)(5); *Drone Techs., Inc. v. Parrot S.A.*, 2015 U.S. Dist. LEXIS 76519, at *23 (W.D. Pa. June 12, 2015). Rule 37(d), on the other hand, authorizes sanctions, but only upon a finding that a party has failed to attend its own deposition, failed to respond to interrogatories, or failed to allow an inspection. FED. R. CIV. P. 37(d). Here, Defendant's sole cognizable contention under Rule 37(d) potentially could be that Plaintiff failed to respond to interrogatories, but Defendant concedes that Plaintiff did respond well in advance of Defendant filing the instant motion. (Docket No. 155 at ¶ 34) ("Around 8:00 p.m. on February 19, [2015] Plaintiff sent Defendant Answers to the First Set of Interrogatories. Plaintiff represented that Responses would be soon following."). Accordingly, neither Rule 37(a) nor (d) may serve as a basis for the sanctions Defendant seeks.

Notably absent from Defendant's motion is reliance on Rule 37(b), which authorizes the Court to sanction a party for failure to follow a Court order. FED. R. CIV. P. 37(b). But, there have been no Court orders requiring Plaintiff to produce any of the documents sought by this motion, to date.

Defendant makes repeated references to its motion to compel, (*see e.g.*, Docket Nos. 155 at ¶ 4; 159 at ¶ 1; 171 at ¶¶ 12, 15; 182 at 21:5–6; 183 at 6; 220[16] at 6), filed on February 3, 2015, (Docket No. 60), wherein Defendant requested that this Court compel Plaintiff to produce

---

[16] Defendant's latest claim that "[t]his Court further ordered Plaintiff to produce all requested/discoverable documents no later than May 1, 2015," (Docket No. 220 at 6), notwithstanding, the Court did no such thing, and the citation to which Defendant refers is merely the Court's order extending the deadline for fact discovery. (*See* Docket No. 55 ("On this 2nd day of February, 2015, upon consideration of Parties' Joint Motion to Extend Discovery, it is hereby ORDERED that said motion is GRANTED. Fact discovery will conclude on May 1, 2015. No further extensions will be granted.")).

answers to Defendants' First Set of Interrogatories, and responses to their First Requests for Production. (*Id.*). Yet, the Court did not grant this motion. (*See* Docket No. 70). Instead, Defendant advised via email correspondence, "[i]n light of the production made tonight, and Mr. Lorence's representations, I agree to withdraw the motion to compel, or have it denied as moot-- whichever is the Court's preference." (Docket Nos. 70; 196-1). Accordingly, the Court denied Defendant's motion to compel, without prejudice, and granted Defendant leave, if necessary, to renew its motion "upon review of the Plaintiff's discovery responses." (Docket No. 70). Despite the fact that Plaintiff responded to Defendants' first request for production on February 23, 2015, (Docket No. 155-6), well before the Court's deadline of March 4, 2015, Defendant did not renew its motion at or around that time. Hence, the Court assumed Defendant was satisfied with Plaintiff's responses. Since Defendant never renewed its motion to compel, the Court will not award sanctions for Plaintiff's failure to sufficiently respond to Defendant's First Request for Production.

Defendant nevertheless attempts to circumvent the lack of a Court order by relying on Rule 37(c). (Docket No. 155). Rule 37(c) does allow for the exclusion of evidence or alternative sanctions if a party's failure to provide information pursuant to Rule 26(a) or (e) is not substantially justified or harmless. FED. R. CIV. P. 37(c). Here, too, the facts belie Defendant's argument. The record reveals that Defendant had Plaintiff's initial disclosures on November 17, 2014, <u>eight months</u> prior to filing the motion for sanctions, yet never filed an objection nor motion to compel prior to the instant motion. (Docket No. 155 at ¶ 9). Given Defendant's failure to move to compel within the discovery period, coupled with such excessive delay even beyond the discovery deadline, the Court will not award sanctions based on failure to include the documents at issue as part of her initial disclosures at this point in the case. *See Samuel, Son &*

*Co. v. Beach*, 2014 U.S. Dist. LEXIS 143549, at \*16 (W.D. Pa. Oct. 9, 2014) ("Plaintiff has also made no effort to establish "good cause" necessary to reopen the discovery period and it clearly was not impossible for Plaintiff to have timely sought such an extension."); *cf. Flanders v. Dzugan*, Civ. A. No. 12-1481, 2015 WL 5022734, at \*6-7 (W.D. Pa. Aug. 24, 2015) (in the context of a motion for spoliation sanctions, holding that "a spoliation inference is not intended as a remedy to correct the moving party's failure to request everything it needs in discovery.").

Defendant's sole remaining legal basis for sanctions rests on Rule 26(e), by way of Rule 37(c), which requires a party to supplement responses to initial disclosures and requests for production. FED. R. CIV. P. 26(e).[17] As required by the Rule, Plaintiff was only required to supplement or correct her disclosure or response, if her response was incomplete or incorrect. *Id.* While Defendant contends that Plaintiff's responses to its request for production were incomplete, Plaintiff had asserted objections. (Docket No. 155-6). Given Plaintiff's objections, Defendant was required to meet and confer and then move to compel production. *See* FED. R. CIV. P. 37(b); *Practices and Procedures of Judge Nora Barry Fischer*, II.N. (eff. 2/5/13). Based on the record, it appears that the last time the parties met and conferred prior to the end of discovery was the April 13, 2015 meeting. (*See* Docket No. 155 at ¶ 13). Moreover, Defendant was before the Court numerous times since Vay's deposition and was no doubt aware of Vay's testimony about documents but Defendant never moved the Court to compel Plaintiff to supplement her responses. (*See* Docket Nos. 104, 141, 143, and 153). Even if Plaintiff was required to supplement pursuant to Rule 26(e), the sanctioning language in Rule 37(c) permits,

---

[17] FED. R. CIV. P. 26(e) states:

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
> (A)    In a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the parties during the discovery process or in writing; or
> (B)    As ordered by the court.

but does <u>not</u> require, the Court to impose sanctions. Fed. R. Civ. P. 37(c). *See e.g.*, *Norfolk Southern Ry. v. Pittsburgh & W. Va. R.R.*, 2013 U.S. Dist. LEXIS 176585, at *8 (W.D. Pa. Dec. 17, 2013) ("Rule 37 of the Federal Rules of Civil Procedure also vests the district court with broad discretion to impose any of the listed sanctions or any other sanction it deems appropriate."); *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 248 (3d Cir. 2014) (citing *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 134 (3d Cir. 2009)) ("We review the District Court's imposition of sanctions under Rule 37 for abuse of discretion.").

### C. Defendant's Expanding Request for Relief

Moving on, the record reflects that Defendant initially sought monetary sanctions and an order compelling Plaintiff to produce documents by way of the instant motion, (Docket No. 155-9), and reiterated its request for such relief in the "supplement" filed one week later. (Docket No. 159-2) (adding the "Jennifer Sullivan Documents" to Defendant's motion to compel). At the first Hearing and Oral Argument, however, Defendant asked this Court to impose a sanction of either exclusion of evidence or dismissal. (Docket No. 182 at 21:9–10). Defendant reiterated its new request for sanctions in its supplemental brief, at the second hearing, and within Defendant's second supplemental brief. (Docket Nos. 183; 183-3, 220, and 221 at 16:11–21).

As a general matter, motions must state with particularity the grounds upon which the motion is made and the relief or order that is sought. *See Wonderland Nurserygoods Co. v. Thorley Indus., LLC*, No. CIV.A. 12-196, 2013 WL 2471801, at *1 (W.D. Pa. June 7, 2013) (citing *Sproull v. Golden Gate Nat'l. Sr. Care, LLC*, Civ. A. No. 08–1107, 2010 WL 339858 (W.D. Pa. Jan. 22, 2010) ("[M]otions practice requires a party to state with particularity the grounds upon which the motion is being made and the relief or order sought")). The accompanying proposed order of court must detail the specific relief sought by the party. *See Practices and Procedures of Judge Nora Barry Fischer*, § II.K. "Proposed Orders of Court" (eff.

2/15/13), *available at* http://www.pawd.uscourts.gov/sites/pawd/files/fischer_pp.pdf ("Each and every <u>motion</u> shall be accompanied by a proposed order of court. The order of court shall include language detailing the specific relief sought and not simply that the motion is granted.") (emphasis added).

Further, legal arguments not raised and relief that is not specifically sought in the initial motion are generally deemed waived. *See e.g.*, *Sproull*, 2010 WL 339858, at *3 ("[T]he reply brief generally cannot be used to expand the issues presented for adjudication beyond those raised in the moving papers."); *Rivers v. Nat'l Ass'n of Letter Carriers*, No. 15-3070 (SRC), 2016 WL 389983, at *2 (D.N.J. Feb. 1, 2016) (citing *Anspach v. City of Philadelphia*, 503 F.3d 256, 259 (3d Cir. 2007) ("New arguments in the reply brief are waived."); *E.E.O.C. v. Aldi, Inc.*, No. CIV.A. 06-01210, 2008 WL 859249, at *5 (W.D. Pa. Mar. 28, 2008) ("Because Aldi conceded this element in its opening brief and only challenges it in its reply brief, the Court finds that Aldi waived any challenge to the second prong for purposes of summary judgment."). Although this Court often holds oral argument and liberally permits supplemental briefing, these procedures should not be construed as the Court granting permission to raise for the first time new issues or arguments at the hearing and through supplemental submissions.[18] *Id.*

These general legal principles are particularly apt in the context of motions for sanctions. To this end, the Court of Appeals has held that due process considerations demand that a party and/or attorney to whom a motion for sanctions is directed must have both notice and an opportunity to be heard. *See e.g., Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1357 (3d Cir.

---

[18] Moreover, Defendant's attempt to informally change its request for relief creates practical problems. The variety of sanctions Defendant has sought with respect to this motion require the application of different legal tests. *Compare e.g.*, *In re TMI Litig.*, 193 F.3d 613, 723 (3d Cir. 1999) (*Meyers v. Pennypack* factors applied to exclusion of evidence); *with Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (*Poulis* factors applied to dismissal as sanction). The Court therefore finds that Defendant's attempt to change its request for relief unfairly burdens the Court because it forces the Court to expend scarce judicial resources preparing for and evaluating Defendant's ever-changing legal theories. *See* FED. R. CIV. P. 1

1990). The required notice must be "explicit" and "particularized," advising the allegedly offending party of the precise legal theory under which sanctions are being advanced, (i.e., Rule 37, Rule 11, or 28 U.S.C. § 1927), and the form of relief that is requested as a sanction or sanctions, such as attorneys' fees, costs, exclusion of evidence or dismissal. *Id.* Following this precedent, it would be an abuse of discretion for a District Court to award sanctions against a party or counsel in a form that was not part of the initial motion providing notice, without providing an opportunity to be heard on the precise type of sanctions that are awarded. *See McLaughlin*, 756 F.3d at 249-50 (quoting *Jones*, 899 F.2d at 1357) ("The 'mere existence' of a rule or statute concerning sanctions is insufficient to put a party on notice that sanctions are being contemplated."). When a party ups the ante by changing the form of sanctions that it is seeking during ongoing proceedings, the proceedings become unnecessarily complicated and the Court must either: adjourn and provide the allegedly offending opportunity a full and fair opportunity to respond; or, deny the relief for sanctions that is outside the scope of the initial notice. *Id.*

In all, due to the fact that the sanctions of exclusion of evidence and dismissal were first requested at oral argument and/or in supplemental briefs, the Court finds a further basis to deny Defendant's request for these types of relief.[19]

### D. Whether the Parties' Communications Constitute Sufficient Conferral

The Court next considers Plaintiff's contention that the parties' conferral prior to Defendant filing its motion is inadequate. Defendant maintains that it complied with the rules

___

[19] Although Defendant's failure to follow the rules bars its request for sanctions, the Court will still order production of the altered and unaltered versions of documents Plaintiff alleges Defendants altered, and require Plaintiff to produce the 2012 emails for an *in camera* review because this Court deems it appropriate to do so pursuant to Plaintiff's duty per Rule 26(e) to supplement her production. *See Samuel, Son & Co.*, 2014 WL 5089718, at *5 ("[A]lthough fact discovery has closed, each party retains a duty to supplement its discovery production pursuant to Rule 26(e). . . the applicable subsections of Rule 26 largely render [the special master's recommended order] superfluous because such communications are clearly required to be produced. But, given the continuing discovery disputes between these parties . . . such directive appears both necessary and appropriate.").

because defense counsel had a face-to-face meeting with counsel for Plaintiff, at Plaintiff's behest, on <u>April 13, 2015</u>; sent numerous letters and emails to Plaintiff's counsel; made reference to outstanding production requests throughout the various motions they filed; and reminded counsel at hearings about same. (*See* Docket No. 171 at ¶¶ 12–15). Plaintiff contends that such interactions are insufficient because the face-to-face meeting occurred long before Defendant filed the instant motion; and that letters, emails, and references within motions are insufficient per this Court's *Practices and Procedures*, which state that e-mail communications do not suffice. Additionally, Plaintiff asserts that some of the documents Defendant now seeks were never requested prior to the face-to-face meet and confer, and therefore, any attempt to rely on the previous conferral should fail.

Rule 37 requires parties to meet and confer prior to bringing discovery motions before the Court. *See e.g.*, Fed. R. Civ. P. 37(a)(1) ("must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). As is embodied in the Case Management Order, this Court requires all discovery motions to be accompanied by a certificate of conferral, and that counsel meet and confer prior to filing same. (*See* Docket No. 20 at 7 ("Discovery motions shall comply with Local Rule 7 and all rules enumerated therein, together with a memorandum or law, and include a certificate that counsel have met and conferred regarding the disputed issues.")); *see Practices and Procedures of Judge Nora Barry Fischer*, § II.N. (eff. 2/5/13).[20] This Court is also a strong supporter of the meet and confer process. *See e.g.*, *Volkay v. Court of Common Pleas of Allegheny Cty.*, No. CIV.A. 14-193, 2015 WL

---

[20] *Practices and Procedures of Judge Nora Barry Fischer*, effective February 5, 2013 II.N ("**Certificate of Conferral:** The Court requires that all discovery motions and motions in limine must be accompanied by a certificate of conferral as set forth in Local Rules 16.1.C.4, 37.1 and 37.2. Counsel shall meet and confer in an effort to resolve their disputes prior to filing such motions. E-mail communications are not sufficient."), *available at*: http://www.pawd.uscourts.gov/sites/pawd/files/fischer_pp.pdf.

6824024, at *1–2 (W.D. Pa. Nov. 6, 2015) ("[T]his Court fully promotes the meet and confer process as an efficient means to resolve discovery disputes.").

Initially, per this Court's *Practices and Procedures*, email conferral is insufficient; and the Court in conducting its case management and status conferences repeatedly reminds counsel of same. Thus, Defendant's reliance on email communications is unavailing. *See Practices and Procedures of Judge Nora Barry Fischer*, II.N. (eff. 2/5/13) ("E-mail communications are not sufficient."). Further, referring to outstanding discovery issues within briefs that are ultimately directed to the Court, instead of opposing counsel, do not suffice. Thus, the adequacy of Defendant's certificate of conferral relies on the April 13, 2015 face-to-face meeting.

While it is true that the parties conferred in person, that meeting took place <u>100 days</u> before Defendant chose to file its motion for sanctions. Moreover, that conferral took place during discovery, which closed on May 1, 2015, and Defendant continued to wait almost three months after the close of discovery to file the instant motion. (*See* Docket Nos. 55, 155). To that end, had Defendant waited almost three months past the close of discovery and brought a motion to compel discovery, the Court would be well within its power to deny the motion as untimely. *See e.g.*, *E.E.O.C. v. Mask Enterprises, LLC*, No. CIV. A. 07-359, 2007 WL 3174038, at *2 (W.D. Pa. Oct. 29, 2007) ("[A]s Plaintiff's Motion was filed well outside of the time period for discovery set forth in the Case Management Order and Plaintiff failed to request additional time for discovery from this Court, Plaintiff's Motion is denied without prejudice."). Here, Defendant has presented no explanation for its three-month delay in pursuing these sanctions. Accordingly, this factor supports denying Defendant's motion for sanctions.

### E.  Whether Plaintiff's Actions Would Nonetheless Warrant Dismissal

Even if the Court were to ignore Defendant's failure to follow the Rules and this Court's *Practices and Procedures*, Plaintiff and her initial counsel's behavior, while by no means a

model to be followed, does not warrant the ultimate sanction of dismissal.[21] When weighing dismissal as a sanction, the Court of Appeals for the Third Circuit requires a court to balance "the record as a whole" along with "(1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the attorney's conduct was willful or in bad faith; (5) alternative sanctions; and (6) the meritoriousness of the claim." *Poulis*, 747 F.2d at 868.

The Third Circuit has cautioned, however, that "the sanction of dismissal is disfavored absent the most egregious circumstances." *Roman v. City of Reading*, 121 F.App'x 955, 958 (3d Cir. 2005) (quoting *U.S. v. $ 8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161 (3d Cir. 2003) (citing *Poulis*, 747 F.2d at 867–68)). Moreover, "[w]hen a district court has doubt, the decision whether to dismiss 'should be resolved in favor of reaching a decision on the merits' and 'alternative sanctions should be used.'" *Id.* (citing *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984)). Following this precedent, this Court has reserved dismissal for egregious circumstances, s*ee Beaver Res. Corp. v. Brawand*, No. CIV.A. 1:08-215, 2014 WL 4217756 (W.D. Pa. Aug. 25, 2014) *aff'd*, 618 F. App'x 736 (3d Cir. 2015), and imposed lesser sanctions where appropriate, *Wise v. Wash. Cnty.*, 2015 U.S. Dist. LEXIS 50926 (W.D. Pa. Apr. 17, 2015).

### 1. Personal Responsibility

Defendant argues that Plaintiff is personally responsible for the alleged prejudice because she testified to the existence of documents at her deposition that were not produced in discovery.[22] (Docket Nos. 155 at 1; 220 at 2–4). In support, Defendant cites *Roman*, 121 F. App'x at 958 and *Amfosakyi v. Frito Lay, Inc.*, 496 F. App'x 218, 225 (3d Cir. 2012) (quoting *Derzack v.*

---

[21] It is also worth pointing out that only Defendant Allegheny County has brought the instant motion for sanctions. (Docket No. 155). Accordingly, even if the Court were to dismiss Plaintiff's case against Defendant Allegheny County, her case would remain against the named individual Defendants.

[22] The Court notes that Defendant does not appear to rely upon any failure of Vay to adhere to the instructions attendant to any notice of deposition that may have been issued.

*City of Allegheny*, 173 F.R.D. 400 (W.D.Pa. 1996)). The cases upon which Defendant relies are all distinguishable from the one at hand. First, the Court in *Roman* found that the factor only weighed "slightly" in favor of dismissal, and found so because Plaintiff failed to meet discovery deadlines while proceeding *pro se*. *Roman*, 121 F. App'x at 958. Vay has not proceeded *pro se*, and she has not missed any Court ordered deadlines.

Secondly, the outrageous personal behavior by the parties in *Amfosakyi* and *Derzack* undermines Defendant's argument. In *Amfosakyi*, the Plaintiff falsified a document, lied about the falsified document during his deposition, and then concocted a story before the magistrate judge in an attempt to explain away the inconsistencies in his story. *Amfosakyi*, 496 F. App'x at 220–22. The Plaintiff's actions in *Derzack* were even more egregious,[23] and the Court rightly found that he had committed fraud on the Court because he provided Defendant with falsified business tax returns for a number of years, and ultimately Mr. Derzack was charged with a criminal offense. *Derzack*, 173 at 412–13. Based on the record before this Court, Plaintiff's behavior although not appropriate, does not rise to the levels reached in *Amfosakyi* and *Derzack*.

### 2. Prejudice

Defendant has also gone to considerable lengths attempting to convince the Court that it has suffered prejudice sufficient to warrant dismissal of this case. (*See e.g.*, Docket Nos. 183; 220 at 4–14). To this end, Defendant argues that it has been prejudiced by: (1) Plaintiff's delay in producing documents; (2) time and resources spent dealing with motions practice in this case, and, (3) Plaintiff and her counsel's inappropriate and unprofessional conduct. (Docket No. 220 at 4–14).

---

[23] The Court is intimately familiar with the *Derzack* saga having served as defense counsel in the case.

a) <u>Delay</u>

While it is certainly true that Plaintiff delayed in producing documents that were in her possession and control, the Court will not weigh that delay against her because Defendant's initial lack of action also caused a significant amount of delay. Again, Defendant failed to renew its motion to compel after receiving Plaintiff's responses to its First Request for Production, as ordered to do so in the event Defendant was unsatisfied with Plaintiff's responses. (*See* Docket No. 70). Defendant was also aware of the allegedly deficient productions at the latest by Vay's deposition, which occurred on March 26, 2015. (Docket No. 155 at ¶ 10). At that point, the onus was on Defendant to seek discovery of the documents, first by meeting and conferring with Plaintiff either in person or via telephone, and if that did not resolve the situation, then by requesting a status conference with the Court or filing a motion to compel. *See* FED. R. CIV. P. 37(a), (b). Fact discovery closed without such status conference or motion to compel.[24] Any prejudice allegedly resulting from Plaintiff's delay therefore will not weigh in favor of dismissal.

Turning to prejudice for purposes of the *Poulis* analysis, examples upheld by the Court of Appeals for the Third Circuit include, "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Bull v. UPS*, 665 F.3d 68, 80 (3d Cir. 2012) (quoting *Scarborough*, 747 F.2d at 876). Repeated failure to comply with court orders can also support a finding of prejudice. *Riley v. Sec'y Pa. Dep't of Corr.*, 536 F. App'x 222, 226 (3d Cir. 2013) (citing *Bull*, 665 F.3d at 80). Prejudice does not require a showing of "irremediable harm," but one must show at least a significant "burden imposed by impeding a party's ability to prepare effectively a full and

---

[24] It is true that parties have an ongoing duty to supplement incomplete or inaccurate discovery disclosures throughout litigation, *see* FED. R. CIV. P. 26(e), but any new requests or attempts to compel production after the discovery deadline would have been brought out of time. *See Samuel, Son & Co.*, 2014 U.S. Dist. LEXIS 143549, at * 12–13.

complete trial strategy." *Bull*, 665 F.3d at 80 (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)).

While the Court recognizes that Defendant, a public entity, has spent considerable time and resources throughout discovery on this case, the Court will not sanction Plaintiff when Defendant has not followed the Federal Rules of Civil Procedure, the Local Rules of Court, this Court's Orders and Practices and Procedures in seeking relief.[25] Defendant's reliance on *Ware v. Rodale Press Inc.*, *Roman v. City of Reading*, *Emerson v. Thiel*, and *Meridian Nursing Home & Rehab at Shrewsbury v. CMMS*, to persuade the Court otherwise is unavailing.

Defendant relies on *Ware v. Rodale Press Inc.*, for the proposition that a party may be prejudiced by having to file motions to get documents. (Docket No. 220 at 5) (citing 322 F.3d at 222). Initially, the Court notes that prejudice sufficient to serve as a basis for the sanction of dismissal cannot exist by a party having to file motions to compel alone because if that were the case, any party could seek sanctions for another party's failure to produce documents. Moreover, the situation in *Ware* was factually quite different because the documents at issue, Plaintiff's sole damages calculations, were not produced until one week before the start of trial. *Ware*, 322 F.3d at 222. Here, the Court has not established dates for expert discovery, summary judgment, or trial. Moreover, at this point, practically all documents sought in discovery have been produced. Accordingly, Defendant's reliance on *Ware* is not compelling.

*Roman v. City of Reading*, likewise does not convince this Court that Defendant has suffered prejudice sufficient to dismiss the case. 121 F. App'x at 955. Defendant cites *Roman* for

---

[25] This Court has made clear that parties are required to follow the rules. *See e.g.*, *McDaniel v. Kidde Residential & Commer.*, 2015 U.S. Dist. LEXIS 148892, at *5 (W.D. Pa. Nov. 3, 2015) ("In everyday life we are all admonished to follow the rules, otherwise there can be consequences. Here, parties and counsel are expected to follow the Federal Rules of Civil Procedure, the Court's Orders, and this Court's Practices and Procedures of Judge Nora Barry Fischer Effective February 5, 2013. By proceeding in the fashion they have chosen, Defendant has not followed any of these guideposts.").

the position that "[w]here a party has delayed in responding to discovery requests, there is prejudice sufficient to justify dismissal, because it has left opposing counsel little time to prepare." (Docket No. 220 at 5). The Plaintiff in *Roman*, however, engaged in <u>no</u> discovery, and despite a court order compelling him to produce initial disclosures by a specific date, Plaintiff failed to do so. *Id.* at 958–59. Here, the parties have engaged in extensive discovery, and this Court has not yet entered any orders compelling Plaintiff to produce either a response to Defendant's First Request for Production, or initial disclosures. Defendant's reliance on, *Meridian Nursing Home & Rehab at Shrewsbury v. CMMS* to show that a court's dismissal of a case not set for trial is similarly unpersuasive because there too, the party failed to comply with multiple court orders. 555 F. App'x 177, 179 (3d Cir. 2014) (noting that Plaintiff provided no attempt to explain failure to adhere to prior Court orders). Accordingly, *Roman* and *Meridian*[26] are not supportive of Defendant's position.

Finally, the Court finds *Emerson v. Thiel* distinguishable. Defendant relies on *Emerson* for the premise that prejudice sufficient for dismissal existed where a party "had to wait six months to file it summary judgment motion." (Docket No. 220 at 11) (quoting *Emerson v. Thiel*, 296 F.3d 184, 191 (3d Cir. 2002)). The Plaintiff in *Emerson*, however, also failed to comply with numerous court orders and failed to attend court ordered hearings. *Emerson*, 296 F.3d 188. Given that Plaintiff here has not violated this Court's orders or failed to attend Hearings, the Court does not find *Emerson* persuasive.

Further, Defendant's argued prejudice due to Plaintiff's alleged delay was partially self-inflicted. As the record reveals, Defendant intentionally scheduled depositions for some of the witnesses without Plaintiff's discovery. (Docket No. 196-1 at 12) ("A simple look at a calendar

---

[26] Given the procedural differences between an administrative proceeding in which the parties were engaged in *Meridian* and those of the present case, the Court also finds *Meridian* distinguishable on that basis. *See Meridian*, 555 F. App'x at 178.

explains why I could no longer wait for you to serve the responses--especially when your last communication did not even provide a revised date as to when you would serve the responses.").

While it is true that the parties had an upcoming discovery deadline, Defendant was not forced to proceed with scheduling depositions, as the Court had set up a procedure[27] for these document issues to be resolved prior to Vay's deposition taking place. (Docket No. 70). Delays associated with the present sanctions litigation are also held against Defendant due to its shifting legal theories. Further, Defendant appears to have disavowed any intent to move to reopen depositions such that the documents do not appear critical to the case at this juncture. At most, Defendant expressed a desire to utilize them as possible impeachment of Vay. *See Bull*, 665 F.3d at 80–81 (noting that the Third Circuit was puzzled by the defendant's "lacksadaisical effort" in obtaining "critical" evidence). Given the documents produced to date[28] and those to be produced under this Court's Order of March 31, 2016, they will be available going forward through summary judgment proceedings and potential trial.  In light of this production, coupled with Defendant's own lack of diligence in adhering to Court orders, and the facts that this Court has not yet established any summary judgment schedule, pretrial order, or trial date, Defendant has not been sufficiently prejudiced by Plaintiff's delay to justify dismissal.

---

[27] The parties could have called Chambers to request a discovery status conference, filed a motion to stay or a motion to compel much earlier in this case, i.e., they could have left Vay's deposition open and immediately moved to compel.

[28] Practically all documents Defendant sought through this motions practice have been produced. This includes: calendars; work emails; grievances; mental health records; "Jennifer Sullivan Documents" income tax statements; and records of Plaintiff's banking account statements. (See Docket No. 220 at 7). Other documents such as the December 2010 letter, apology emails, and records of Plaintiff's efforts to obtain employment simply do not appear to exist. (*See* Docket No. 214 at 21, 22–24). The remaining documents that Plaintiff acknowledges she possesses, yet has refused to turn over are emails she claims are privileged communications between Vay and an attorney made in an effort to retain him as counsel, and original and altered documents that Plaintiff claims Defendants altered. As noted in the Court's Order, (Docket No. 222), Plaintiff has been ordered to provide a copy of the allegedly privileged emails for in camera review, and has been ordered to supplement her Response to Plaintiff's Request for Production per Rule 26(e) by producing same to Defendant. (Docket No. 220).

b) Defendant's Time and Resources

Turning to Defendant's alleged prejudice caused by the time and expense involved with discovery, other discovery motions, and the instant motion, the Court notes that while Defendant Allegheny County is a public entity, the problems it faces with limited staffing and scarce resources are not unique to it. On the other hand, as a private individual paying at least some of the costs,[29] Plaintiff argues that she does not have anywhere near the resources available to Defendant Allegheny County. (Docket No. 221 at 72:15–25).

The record reflects that both parties have expended considerable resources addressing ESI[30] and the relatively large number of depositions in this case, *i.e.*, seventeen. Extensive motions practice has also weighed down the progress of this case. Yet, Defendant's actions contributed to its current situation. Both parties have expended similar amounts of time and resources in discovery. Thus, the Court does not find the time and expense expended by Defendant evidences prejudice.

c) Inappropriate and Unprofessional Behavior

Finally, the Court recognizes that Plaintiff and her counsel may have acted inappropriately and unprofessionally at times. And, though the Court certainly does not condone the use of profanity during depositions, or any similar unprofessional or inappropriate behavior, Defendant's repeated claims that such use of profanity can serve as a basis for dismissal is unpersuasive. *See Wise*, 2015 U.S. Dist. LEXIS 50926, at *114–15 (counsel's unprofessional behavior warranted the court ordering counsel to attend a CLE on professionalism). This is especially so given that much of the complained of language during this litigation appears to be but a fraction of what Plaintiff has alleged she was subjected to during her employment with

---

[29] The Court presumes that counsel may be representing Plaintiff on a contingency basis.
[30] Both parties assert that they have spent in excess of $50,000 on electronic discovery alone. (Docket Nos. 221 at 16:1–9; 55:2–4).

Defendant. (*See e.g.* Docket No. 25 at ¶¶ 10, 17, 19, 23-33). To be clear, the Court does not trivialize the lack of professionalism that the record reveals, but the Court does not find that Plaintiff and her counsel's use of profanity supports dismissal of Plaintiff's case without adjudication on the merits. Nevertheless, the Court admonishes the parties, including counsel, to refrain from engaging in unbecoming and unprofessional behavior, and start to work together in a collegial manner. *See Practices and Procedures of Judge Nora Barry Fischer*, I.I. (eff. 2/5/13) (referring to the *Code of Trial and Pretrial Conduct*, published by the American College of Trial Lawyers (June, 2009)).

### 3. History of Dilatoriness

As noted above, Defendant's actions substantially contributed to its situation in the present case. (*See supra*, section III.E.2.a above). Plaintiff and her counsel also lacked diligence in responding to discovery. Weighing same, the Court finds both Plaintiff and her counsel as well as Defendant and its counsel to blame.

### 4. Whether Attorney Conduct is Willful or Bad Faith

Defendant makes much of the fact that Plaintiff did not provide reasons for her delay in producing the documents she subsequently produced. (*See* Docket No. 220). Yet, given that Defendant never obtained a court order compelling production, requested an extension for discovery, or otherwise employed the Federal Rules of Civil Procedure, the Local Rules, or this Court's Orders and *Practices and Procedures*, the Court is not convinced that Plaintiff's decision not to provide a reason indicates bad faith or willfulness.

Defendant cites *Roman v. City of Reading*, for the premise that absence of a reasonable excuse constituted willful or bad faith behavior by counsel, but *Roman* and the cases upon which it relied are distinguishable because the courts in those cases issued orders that the attorneys ignored. *See e.g.*, *Roman*, 121 F. App'x at 960 ("In the face of court-imposed deadlines, repeated

failure to observe court imposed deadlines and total failure to pursue a claim beyond the pleadings may constitute willful conduct.") (citing *Wade v. Wooten*, 1993 U.S. Dist. LEXIS 10680, 1993 WL 298715, at *4 (E.D. Pa. July 30, 1993) (evaluating the fourth *Poulis* factor and holding that "[plaintiff] must be held accountable for his willful failure to pursue his claim beyond the mere pleadings despite being given ample opportunity to comply with this Court's Orders and to respond to defendants' motions")); *Roman v. City of Reading*, 2004 U.S. Dist. LEXIS 4570, at *24–26 (E.D. Pa. Mar. 22, 2004) ("Plaintiff offers no explanation whatsoever for failing to comply with the Court's September 22, 2003 Order."); *Ware*, 322 F.3d 218 (3d Cir. 2003) (finding that Plaintiff failed to answer motion to compel, even after being ordered to do so within fifteen days). Accordingly, the Court finds that Plaintiff's behavior does not rise to the level of willfulness or bad faith.

### 5. Alternative Sanctions

Defendant urges that none of the available sanctions short of dismissal could remedy Plaintiff's behavior, (Docket Nos. 182 at 20:23–21:10; 183; 220 at 16–20), despite requests for a variety of sanctions in earlier papers. (*See* Docket Nos. 155-9; 159-2; 171-4; 183-3) (seeking monetary sanctions; monetary sanctions tied to the cost of depositions that must be reopened; preclusion of evidence; and dismissal). Initially, the Court is not inclined to award any sanctions at this stage in this case, let alone dispositive ones. Moreover, Defendant contributed significantly to this situation, and therefore its claim for monetary sanctions is unpersuasive. Thus, this factor weighs against dismissal.

### 6. Meritoriousness of the Claim

The allegations in Plaintiff's complaint aver egregious behavior in the workplace. (Docket No. 25). Moreover, the standard from which a court should consider whether a claim is meritorious is not that of summary judgment, but instead that of "when the allegations of the

pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 870. Here, Defendant does not challenge the merits of Plaintiff's case but contends that the weighing of the other *Poulis* factors strongly weigh in favor of dismissal. (Docket No. 219 at 20). Based on the pleadings, the Court finds Plaintiff's claim to be sufficiently meritorious to proceed. As such, this factor does not weigh in favor of dismissal.

## VI.    Conclusion

Defendant's refusal to follow the rules undermines its request for sanctions. The Court gave clear guidance to counsel and the parties that they were to meet and confer regarding discovery, and in the event the parties reached an impasse, they were to contact the Court. Defendant apparently started this case adhering to some of the Court's guidance by filing its first motion to compel, but failed to follow through and adhere to the Court's Order. (Docket No. 70). Given Defendant's failure to follow the rules, any sanction the Court were to impose would reward Defendant's "wait-and-sanction" approach, something the Court will not support. To reiterate one final time, if a party feels that it has not received disclosures or discovery responses to which it claims it is entitled, it should first meet and confer in person or by telephone in an attempt to resolve the issue, and if that does not resolve the dispute, reach out to the Court by requesting a status conference or filing a motion to compel. In the event that the party refuses to follow a Court order, then that party's refusal may warrant sanctions depending on the circumstances of the case.

For the reasons stated herein, and in accordance with the Order issued on March 31, 2016, (Docket No. 222), the Court reiterates Defendant Allegheny County's Motion for Sanctions, (Docket No. 155), is GRANTED, in part, and DENIED, in part.

*/s Nora Barry Fischer*
Nora Barry Fischer, U.S. District Judge

Dated: April 11, 2016

cc/ecf: All counsel of record