IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KELLY J. VAY | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | NO. 14-769 |
| ROBERT HUSTON, *et al.* | : | |

# ORDER-MEMORANDUM

**AND NOW**, this 22nd day of August 2018, upon considering Plaintiff's Motion to reduce taxed costs (ECF Doc. No. 387) and Defendants' Response (ECF Doc. No. 389), it is **ORDERED** Plaintiff's Motion (ECF Doc. No. 387) is **DENIED** and we **affirm** the Clerk of Court's taxation of costs (ECF Doc. No. 386).

## *Analysis*

Kelly Vay sued supervisors employed with her former public employer raising a wide variety of civil rights claims based on her gender. She retained and paid vigorous and experienced civil rights advocates. Her claims attracted press attention and her former public official employers with the Allegheny County Medical Examiner's Office defended their conduct which, as alleged, bordered on scandalous.

She proceeded through discovery, moved for interlocutory relief in the United States Court of Appeals[1], engaged in extensive discovery and mediation. Following reassignment to us in October 2016, she largely defeated substantial motions for summary judgment as we found genuine issues of material fact requiring the jury's determination of credibility.[2] The parties proceeded to trial before us in late January and early February 2017. After over a week of trial,

---

[1] ECF Doc. No. 163

[2] ECF Doc. Nos. 277, 278.

the jury returned a verdict finding Ms. Vay had not proven her claims.[3] The United States Court of Appeals affirmed the jury verdict.[4] Defendants then moved for over $54,000 in costs and, after considering the Plaintiff's substantial objections, the Clerk of Court taxed costs in the total amount of $9,243.93 in favor of the Defendants and against Ms. Vay to be included in the judgment.[5]

Ms. Vay now asks us to reduce or excuse her from this cost award arguing she is financially incapable of satisfying this obligation and Defendant's denied costs evidence bad faith. Her bad faith claim lacks merit. The Defendants sought over $54,000 in costs and the Clerk substantially reduced their request. We cannot hold asking for costs which are not awarded is bad faith without evidence of intent.

Her remaining basis for vacating or reducing the costs award is she is financially incapable of paying this award. She paid her lawyers for the litigation, including the dispute over costs with the Clerk, but no asks to be excused from reimbursing costs to the Defendants. Her entire proof consists of an April 10, 2018 sworn declaration: being a single mother to a young daughter; losing her job in 2014; now making significantly less money than she did with Allegheny County; spending all of her savings litigating against Allegheny County; relying on her family to make ends meet; and, now not having money to pay the reduced costs award.[6]

Defendants, having won the verdict after years of vigorous civil rights litigation upheld on appeal, oppose a further reduction of their awarded costs. They challenge her credibility based on

---

[3] ECF Doc. No. 367.

[4] ECF Doc. No. 380.

[5] ECF Doc. No. 386.

[6] ECF Doc. No. 385-1.

2

the jury verdict. They argue she did not request to proceed *in forma pauperis* nor did she provide evidence of an impediment making it difficult to pay this judgment over time. We agree with the Defendants.

Federal Rule of Civil Procedure 54(d)(1) presumes costs should be awarded to the prevailing party.[7] Ms. Vay bears the burden of demonstrating why the Clerk's award of costs is inequitable and she must introduce competent evidence.[8] To agree with Ms. Vay, we must be able to articulate reasons to reduce or deny costs to the Defendants who proceeded through over four years of litigation to succeed. We review the Clerk's award under *de novo* standard and afford no deference to the Clerk's decision.[9]

We can exercise our discretion with articulated grounds if we find Ms. Vay is in fact indigent. In assessing indigence, we measure the losing parties "financial condition as it compares to whatever award the Court decides to tax against him or her."[10] Even if we find Ms. Vay is indigent or unable to pay the full measure of costs we need not automatically exempt her from paying costs.[11]

Ms. Vay presents little to no evidence of her indigence other than her own truncated declaration. She offers no evidence of being unable to pay at least a portion of these costs assessed by the Clerk. Ms. Vay offers no explanation as to why she cannot work. She offers no explanation as to money she may have earned but not reported on tax returns. She appears more

---

[7] *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000).

[8] *Id.* at 462-463.

[9] *Id.* at 462.

[10] *Id.* at 464 n.5.

[11] *Id.* at 464.

3

than capable of working. She is not barred by an immigration impediment, physical or mental disability or other grounds which may allow us to excuse her obligation.

To the contrary, she did not contest the award of costs from the Court of Appeals. Other than her bold declaration, she does not offer evidence to support her assertion of not having any additional funds or being unable to obtain additional work. We appreciate the potential embarrassment in claiming being unable to work due to mental distress – but we need proof. Having watched Ms. Vay over several hours of testimony, we have no doubt as to her competence and ability to self-advocate. We cannot find, absent specific evidence, grounds to excuse her obligation to pay the Clerk's taxed costs under the Federal Rules of Civil Procedure.

Ms. Vay also does not support her bald claim awarding costs against unsuccessful civil rights litigants will "chill" future civil rights cases. We have no evidence supporting this assertion. Further, Federal Rule 54(d) does not except civil rights cases.

KEARNEY, J.